WILLIAM P. CAMPBELL v. WALKER B. SHERMAN.

*Plea in abatement—Liability for act of partner or agent—Order of proof—Ratification—General agency.*

Where no plea in abatement for want of parties is filed to a declaration on the common counts for the price of merchandise sold to a third person, the defendant will be held liable if the purchaser is shown to be either his agent or his partner.

In an action for the price of merchandise sold to a third person it was *held* that the court was not clearly in error in allowing the plaintiff to show all the facts attending the sale, together with the purchaser's representations as to his authority from defendant, before it was shown that he actually had such authority.

Where ratification is relied on, proof of the dealings to be ratified must be given first.

A continuing agency is not to be 'presumed from the fact that one has occasionally been temporarily employed for special purposes.

Where the bill of particulars is an action for the price of merchandise relies on an actual sale for a specific sum and contains nothing which would justify recovery on a *quantum valebat* for its conversion, there is no ground of action against defendants for the unauthorized taking of goods belonging to plaintiff but taken away and shipped in defendant's name and with his privity.

Receipt of the proceeds of sales does not tend to show that the vendor is the receiver's agent ; it may be merely a re-payment of advances, and in an action against the receiver or the vendor's principal, the plaintiff has the burden of proving the agency.

Suspicion will not justify a verdict in the absence of proof.

Error to Washtenaw. Submitted October 19. Decided January 5.

Assumpsit. Defendant brings error. Reversed.

*A. E. Hewitt* and *G. Thompson Gridley* for appellant.

*Ezra B. Norris* and *Albert Crane* for appellee.

CAMPBELL, J. This suit was brought on the common counts to recover the price of two orchards of apples grown in 1878, and claimed to have been purchased by defendant. One orchard was owned by plaintiff and one by William Beach, who assigned his claim to plaintiff.

The case relied on is that the purchase was made in each case at a round sum, by one Peter Cramb. There was evidence, although contradictory, tending to show that he claimed to act either as agent or partner of Sherman. And as there was no plea in abatement for want of parties, Sherman could be made to respond in the suit in case either of these theories was made out.

At the opening of the trial, plaintiff, under objection, was allowed to show all the facts attending the sale, including Cramb's representations concerning his connection with and authority from Sherman. This was objected to until the authority was shown to bind Sherman, and an exception was based on this admission of proof of Cramb's statements in advance of such showing.

It is not to be denied that there is some danger that the jury may be misled into inferring agency from proof of the agent's acts and statements. But we are not satisfied that under such circumstances as were here presented the court was in error in treating the matter as one relating to the order of proof. There are always cases which would be best presented by following the order pursued here. Plaintiff was obliged to rely on circumstantial evidence of recognition or ratification, unless he chose to rest his case on the testimony of Cramb, who was interested against him, and who under the old rules might not have been competent at all. And where ratification is relied on proof of the dealings to be ratified must necessarily be put in first. We do not think this objection tenable.

Although there are many points alleged as errors, the controversy turns almost if not quite entirely upon the existence in the record of testimony showing Sherman's interest in the purchase. This was sought to be shown by previous transactions, and by dealing with the fruit.

There is no direct testimony of authority in Cramb. All of the testimony on this head is distinctly to the contrary.

There was no testimony tending to show any continuous employment or partnership. The testimony of dealings in previous years, all referred to temporary transactions for temporary purposes. There is no legal presumption that because a certain person has in one year or in several years, been employed to buy apples, he will be or has been re-employed for that purpose in a subsequent year. Where general agency is shown it may sometimes be presumed to continue, but there is no inference to be drawn that a special agent once employed has been employed again.

The only other evidence refers to the supposed dealing with the apples by Sherman, and his reception of the proceeds from Cramb.

Sherman's claim, supported by his own and Cramb's testimony, is that he advanced money to Cramb as purchaser of the apples on his own account, and that so far as he looked to the apples at all it was as security for his advances.

There is some testimony tending to show that a portion and perhaps all of plaintiff's apples were left at a railway station as his own and taken and shipped in Sherman's name and with his privity. But the testimony does not show that Sherman knew that plaintiff had any purpose of retaining the title, or that he actually intermeddled with the shipment himself. And it is a fatal objection to any recovery based on this ground alone that the bill of particulars relies on an actual sale of an entire orchard for a specific sum, and contains nothing which would justify a recovery for an unauthorized conversion of apples on a *quantum valebant*.

The receipt from Cramb of the proceeds of sales had no tendency to prove that Cramb was Sherman's agent. It was explained by the defendant's testimony as the repayment of advances, and was quite as consistent with that as with agency. The burden of proof was on plaintiff.

Upon a careful review of the testimony we can find nothing tending to connect Sherman with Cramb's purchases. In the absence of proof suspicion will not be enough to justify a verdict. It is evident that plaintiff was unfairly dealt with, and it is probable that he had reason to suppose the purchaser was the responsible and not the irresponsible man. But the positive testimony as to the relation of Cramb and Sherman is all for the defendant, and the circumstances fall short of making out the contrary, or of furnishing facts enough to go to the jury.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.