## LAUBENGAYER *v.* ROHDE.

1. EQUITY—PLEADING—DEMURRER.

A complainant's bill in equity on demurrer is to be tested by its allegations if taken as true rather than by its prayer for relief.

2. SAME—FRAUD—VENDOR AND PURCHASER.

Fraud is sufficiently charged in a bill of complaint which avers that defendants, in order to induce complainant to purchase a parcel of land, falsely represented that a certain strip 15 feet wide was included within the boundaries, that complainant, in reliance on the truth of such representations, bought the property and was induced to forego an examination of the records believing that the deed executed by defendants contained all the lands lying between the boundary lines and courses pointed out to him, that in fact such strip was not included in the description in the deed.

3. SAME.

Courts of law and equity have concurrent jurisdiction in cases of fraud, and suit may be instituted on the equity side of the court where complainant is shown to be entitled to relief of a purely equitable nature.

4. SAME.

But a bill of complaint for fraud which does not charge that defendants are financially irresponsible and asks only for a money judgment is demurrable on the ground of adequacy of complainant's remedy at law.

5. SAME—RESCISSION.

The claim that the complainant is seeking to rescind a deed in his possession which he has declared rescinded, offering to reconvey the property to defendants, is not sufficient to confer jurisdiction on the court of chancery.

6. SAME—ACCOUNTING.

Without a showing of mutual demands, a series of transactions on one side, and payments on the other, complainant was not entitled to an accounting.

7. SAME—SPECIFIC PERFORMANCE.

The court would not be authorized to enter a decree requiring defendants to purchase the 15-foot strip of its owners who were not made parties defendant, and enforcing a conveyance of the parcel to complainants.

8. SAME—ELECTION OF REMEDIES.

 A party claiming damages for fraud may rescind the transaction and recover back the purchase price with interest and such additional damages as he may have suffered, or he may, at his election, retain the subject-matter of the transaction and recover his damages for the alleged deceit.

Appeal from Washtenaw; Kinne, J. Submitted November 8, 1911. (Docket No. 66.) Decided December 8, 1911.

Bill by Frederick Laubengayer against Magdalene Rohde and William H. L. Rohde for rescission of a purchase of real property, for damages for fraud and other relief. From an order overruling a demurrer to the bill, defendants appeal. Reversed and bill dismissed.

*A. J. Sawyer & Son*, for complainant.

*Arthur Brown*, for defendants.

STEERE, J. Defendants have appealed from an order of the trial court overruling the demurrer to complainant's bill. The bill charges fraud on the part of the defendants in selling certain real estate to the complainant. The demurrer claims want of equity in the bill, and that complainant has an adequate remedy at law.

Complainant's bill states: · That he is a resident of the township of Scio, in Washtenaw county, and has devoted his life principally to farming; that the defendant Magdalene Rohde is the widow of Louis Rohde, deceased, and William H. L. Rohde is her son; that they both reside in the city of Ann Arbor; the son being engaged in the coal business in that city; that on the 3d day of May, 1909, complainant bought of the said Magdalene Rohde a certain piece of real estate in the city of Ann Arbor on which he proposed to engage in the coal business; the property being described as:

" Commencing on the north line of West Huron street at the west boundary line of the Ann Arbor Railroad

Company's right of way, and running from thence west along the north line of Huron street 130 feet to the west bank of the west branch of Allen's creek, so called; thence along the west bank of Allen's creek one hundred and sixty-two and eight-tenths (162.8) feet to the center line of block 1 north of Huron street, range 1 east; thence east along said center line 50 feet to the east bank of the east branch of Allen's creek, so called; thence northerly along said east bank of said creek to the railroad company's right of way aforesaid; thence southerly along said right of way to the place of beginning; excepting and reserving a strip of land 15 feet wide lying westward of and adjoining said railroad, heretofore conveyed by said Louis Rohde and wife to the said railroad company by deed recorded in Liber 161, p. 74."

Complainant's charge of fraud relates to said strip of land 15 feet wide. He alleges that said William H. Rohde, acting as agent for his mother, took charge of all negotiations leading up to and culminating in the sale, acting for and on behalf of himself and his mother. The manner of perpetrating the fraud is stated in the bill, in substance, as follows: That said land is situated on the north side of said Huron street and west of the viaduct over which the Ann Arbor Railroad tracks cross Huron street; that in construction of said viaduct a cement retaining wall was built at or near the north line of said West Huron street, and was standing at the time of the negotiations and sale of the property; that, in order to induce the complainant to purchase the ground, said William H. Rohde went upon the same with the representatives of said complainant to point out the corners and boundary lines thereof, and while there falsely and fraudulently stated, represented, and pretended that the east line of said land was bounded by a line starting at a point in said retaining wall of said viaduct on the north side of Huron street indicated by a mark and puncture made in said wall, which he then pointed out; that he offered for and in behalf of himself and mother to sell and convey the land he pointed out in accordance with the courses, corners, distances, and directions as he then indicated; that the complainant and

those representing him had full confidence and faith in the honesty, integrity, and truthfulness of said defendants, and fully believed the representations there made relative to the dimensions of the land and the boundaries thereof, and, relying upon the same, were induced to forego any examination of the record title to said 15-foot strip or any other portion thereof contained between the corners, courses, distances, and lines of said land so pointed out; that on the strength of said representations as to such lines, courses, and distances as then shown, complainant purchased the property and paid defendants the sum of $2,000 therefor, at once proceeding to erect thereon and press to completion as speedily as possible a system of coal sheds, office buildings, etc., at an expense of $1,766.48; that as a matter of fact the east boundary line of the lands purchased by complainant did not run from the marks made in said retaining wall of said viaduct, and the deed given complainant did not include the strip of 15 feet heretofore mentioned and so pointed out as part of the property purchased; that complainant first learned of this in the fall of 1909, when officials of the Ann Arbor Railroad Company called his attention to it, and proposed to give him a lease of said strip; that he even then supposed that he owned this strip in question, but, upon submitting the same to experts, he was informed that the piece of property was not included in his conveyance from defendants; that he thereupon, immediately after discovering the fraud, tendered a reconveyance of the property to said Magdalene Rohde and demanded a return of the purchase price and money he had expended on the property, which was refused, following which he executed a deed conveying back to said Magdalene Rohde the property which he had purchased and made a tender of said deed, renewing his demand for a return of his money, which she again refused. He alleges that without this 15-foot strip the land covered by his deed is of no value to him for his purposes, and of but little value for any purpose whatever.

Complainant asks in his prayer for relief: That said deed bearing date May 3, 1909, from defendant Magdalene Rohde to him, be set aside and declared null and void upon condition that the said defendants, either or both of them, shall pay to him the sum of $3,766.48. That if defendants shall fail to pay to him the amount of money aforesaid and refuse to receive back the conveyance title of the property contained in said deed, he shall recover by the order and decree of this court a judgment against said defendants jointly for the sum of $3,766.48. Or that said defendants shall acquire and convey to him, by full covenant warranty deed, the title to said 15 feet by or before such date as in the judgment of the court shall be deemed proper and equitable. That he may have such further and other relief in the premises as shall be agreeable to equity and good conscience.

The objections to the bill, as specified in defendant's demurrer, are summarized as follows: It appears from the allegations of the bill that complainant has complete and adequate remedy at law; that he was in no way deceived by said defendants; that by the exercise of reasonable care he would have known the true boundaries of the land sold to him; that he has been guilty of laches and is not entitled to any relief prayed for in said bill.

The trial court, overruling the demurrer, said:

"The specific relief sought in the several prayers for relief contained in the bill of complaint is of doubtful right, but there may be some relief granted under the general prayer therefor."

Complainant's rights are to be tested by the allegations in his bill taken as true, rather than by his prayer for relief.

The bill charges, with sufficient allegations, fraud on the part of defendants in representing to complainant that the strip in question was a part of the land he was purchasing; that he relied on the representations then made, and thereby was induced to forego any examination of

167 MICH.—39.

the records, fully believing from such representations that the deed of the property executed and delivered to him contained all the lands lying between the corners; lines, courses, and distances pointed out and shown him and his agents by defendants; that immediately on discovering the fraud he rescinded and tendered reconveyance, with demand for return of the purchase price and the money he had honestly invested in improving the property.

In the light of *Starkweather* v. *Benjamin*, 32 Mich. 305, and other authorities along the same lines, we are not disposed to sustain the demurrer on the objection that the bill does not state a case of actionable fraud.

The most serious ground of demurrer urged is that complainant has an adequate remedy at law, which precludes jurisdiction in equity. That courts of law and equity have concurrent jurisdiction in cases of fraud is well settled, and it is also well settled in this State that a suit may be planted on the chancery side of the court where complainant is shown entitled to relief especially equitable. The question has been before this court in numerous cases, and thoroughly discussed. A comprehensive review of many of the decisions is to be found in *Fred Macey Co.* v. *Macey*, 143 Mich. 138 (106 N. W. 722, 5 L. R. A. [N. S.] 1036. In *Detroit Trust Co.* v. *Old Nat. Bank*, 155 Mich. 61 (118 N. W. 729), it is said:

"In this State equity has not taken jurisdiction of cases where a suitor has a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within the province of a court of equity."

It was further pointed out in that case, as reasons for sustaining a demurrer, that the allegations in the bill did not show need of an injunction, or of a discovery, or of an accounting, or of specific performance, or the reformation or cancellation of a written instrument, and there was nothing to indicate that a judgment against defendants would not be perfectly good.

In the case at bar there is no claim that defendants are financially irresponsible, or a judgment against them

doubtful; according to the scheme of complainant's bill, all he seeks and all he is entitled to in the end is a money judgment for the damages he has sustained.

Complainant's counsel say he asks for a rescission, an accounting, and the setting aside of a written instrument. The allegations in the bill present nothing which entitles the complainant to an accounting. To sustain a bill for an accounting there must be mutual demands, a series of transactions on one side, and payments on the other. Where all the items are on one side, there can be no accounting. The bill shows no items of which the complainant is not fully informed, and the only items involved are the money complainant paid for the land and money expended by him in its improvement.

The deed which he asks the court to set aside is entirely in his hands and under his control. He has already, according to the allegations of the bill, rescinded and tendered a reconveyance of the property, which amounts in legal effect, so far as his rights are concerned, to setting aside the deed, so long as he maintains his tender and stands ready to perform.

It is patent from the allegations in the bill that it would be a vain thing for the court to order the specific performance proposed. Defendants do not own, and did not own at the time of complainant's purchase, the strip he asks the court to direct them to deed to him. The prayer that the defendants be compelled to buy and deed it to complainant could not be seriously entertained. The owner is not a party to this suit. A bare statement of the proposition manifests its infirmity. No court has power to initiate and force to consummation the sale of real estate by disinterested owners, in no way connected with the litigation. We find nothing in the allegations of complainant's bill which especially calls for the intervention of a court of equity or precludes full recovery in a suit at law. The complainant's ultimate object is a money judgment for damages.

In this State the remedy, where a money judgment is

sought, is less complicated and more complete than in many jurisdictions. Under the common law and under the practice which obtains in many States, a party claiming damages for fraud has the election of rescinding, as complainant alleges he has done, and suing to recover back the purchase price with interest, or of keeping the property and bringing an action for deceit to recover damages sustained by reason of such deceit. Under our practice the law permits an action for damages with or without rescission, and if *with rescission* a recovery of the purchase price with interest and such additional damages as plaintiff may have suffered by reason of losses and expenses incurred in that connection which were the natural and reasonable consequences of the fraud perpetrated. *Warren* v. *Cole*, 15 Mich. 265; *Lenox* v. *Fuller*, 39 Mich. 268.

The practice is further simplified by section 10421, 3 Comp. Laws, authorizing an action in assumpsit in all cases where by the fraudulent representations or conduct of any person an injury has been suffered either to the person, property, or rights of another for which an action on the case for fraud or deceit may by law be brought. This section has been held constitutional and has been frequently before this court for review.

It is the opinion of this court that an adequate remedy at law exists according to the case stated in complainant's bill, and that the demurrer should have been sustained, and the bill dismissed.

Reversed, and bill dismissed, with costs of both courts.

OSTRANDER, C. J., and MOORE, BROOKE, and STONE, JJ., concurred.