EXCELSIOR WRAPPER CO. v. YUND.

1. EQUITY—ADEQUATE REMEDY AT LAW—ACCOUNTING.
    Although equity will not usually assume jurisdiction of a case in which the court of law affords full and adequate relief, a bill lies for an accounting for money entrusted to defendant to purchase materials for complainant, to

be expended in numerous contracts of purchase where defendant had neglected and refused to render an account, and the transactions were complicated, the credits and accounts were mutual and the facts solely within defendant's knowledge.

2. ACCOUNTING—TRUST RELATIONS.

The right to an accounting in equity is incident to most trust relations, and is not cut off by waiver of an answer under oath.

3. SAME—PRINCIPAL AND AGENT.

The mere existence of the relation of principal and agent, without peculiar and qualifying conditions, does not confer jurisdiction in chancery, but if lengthy or complicated accounts exist, or a discovery is required or trust relations are involved, a bill for accounting lies: defendant occupied the relation of a *quasi* trustee, as to funds intrusted to him to purchase materials, and the bill for an accounting was correctly sustained, on demurrer.

Appeal from Kent; McDonald, J. Submitted June 3, 1913. (Docket No. 24.) Decided July 9, 1913.

Bill by the Excelsior Wrapper Company against Philip Yund for an accounting. From an order overruling a demurrer to the bill of complaint, defendant appeals. Affirmed.

*Clapperton, Owen & Hatten,* for complainant.

*John J. Sterling,* for defendant.

STEERE, C. J. This suit comes before us on an appeal taken by defendant from an order of the circuit court of Kent county, in chancery, overruling his demurrer to complainant's bill. The reasons stated in defendant's demurrer why complainant is not entitled to relief in a court of equity are:

"Complainant has alleged no facts or circumstances in its bill of complaint which could not be shown, if true, in a court of law. It appears on the face of the bill of complaint that complainant claims defendant

owes it a certain and definite sum, viz., $1,700, and therefore no accounting is necessary to determine the amount, if anything, due complainant. The bill of complaint on its face asks that defendant be required to account for $1,700 which is a certain and definite sum, and therefore complainant, if such sum is due it, had a complete and adequate remedy at law. The bill of complaint does not allege any circumstances or facts entitling complainant to any relief in a court of equity."

Complainant is a corporation, organized under the laws of Wisconsin, with its principal office at Grand Rapids, Mich., and on September 16, 1911, filed a bill of complaint in the circuit court of Kent county, in chancery, against defendant, stating that in the year 1906 defendant entered into a contract with complainant whereby he became its agent for purchasing excelsior bolts in Southwestern Michigan, to be used in the manufacture of excelsior at defendant's plant in Grand Rapids, according to an agreed schedule of prices and freight rates, which schedule was revised and amended from time to time, by agreement of the parties, to meet changing conditions; that defendant was given certain exclusive territory in which he was to contract for and purchase bolts, and all inquiring prospective sellers from that territory were referred to him; that by the terms of said contract he was to purchase said bolts with funds advanced him by complainant at prices within his discretion, his compensation to be the difference between the price he paid and the prices in their agreed schedules; that in pursuance of said agreement he contracted for and purchased bolts and shipped them to complainant for a number of years, large sums of money being advanced him by complainant for that purpose; that the bolts when received by complainants were inspected, measured, credit slips mailed to him, and the amount, according to the scale of prices then apply-

ing, was credited to his account; that in the years 1909-1910 "repeated demands were made upon your orator by said defendant for further advances of money to pay for bolts which said defendant represented to your orator he was having cut and made ready for shipment, but which, because of the weather and scarcity of cars, it was impossible to load at that time;" that, relying upon such representations, complainant advanced large sums of money to him, as requested, for the purchase of bolts; that after said advance of money the bolts did not come forward as rapidly as promised, and in answer to demands for shipments defendant made further requests for advances, but—

"Neglected and refused to make further shipments of bolts and to account for his purchases or the moneys received by him; and your orator charges the fact to be that there is a large sum of money, to wit, the sum of $1,700, which has been paid to said defendant, for which your orator has never received any bolts, and that it has been, and is, unable to obtain an accounting with said defendant."

The bill further charges that defendant has entered into various contracts with various persons whose names are unknown to complainant, and has expended the money so advanced to him in full or partial payments upon said contracts, the benefits and advantages of which complainant is entitled to, but after repeated demands defendant has neglected and refused to make any statement or render any account in that connection; that defendant has disputed many of the items of account between the parties, denying the correctness of measurements, freight charges, and other items, but has not informed complainant as to the details of his claims; that the account between the parties "consists of many and complicated items;" that complainant is remediless according to the strict rules of the common law, and can only obtain relief

in a court of equity. The bill prays for an accounting and that defendant be decreed to pay such amount as may be found due from him to complainant on such accounting.

In behalf of defendant it is particularly urged that his demurrer should be sustained because the bill is too vague, uncertain, and indefinite to require an answer; that only a money judgment is asked for and a certain and definite sum of money is alleged due from defendant to complainant, which calls for no accounting, and that for such relief there is a full, complete, and adequate remedy at law. In support of these contentions counsel cite *Cochrane* v. *Adams,* 50 Mich. 16 (14 N. W. 681) ; *Fred Macey Co.* v. *Macey,* 143 Mich. 138 (106 N. W. 722, 5 L. R. A. [N. S.] 1036) ; *Detroit Trust Co.* v. *Old National Bank,* 155 Mich. 61 (118 N. W. 729) ; and *Laubengayer* v. *Rohde,* 167 Mich. 605 (133 N. W. 535). Those cases and many others, there cited, discuss more or less exhaustively the vexed questions of concurrent and exclusive jurisdiction of law and equity in cases of fraud, accounting, etc., and all sustain the general proposition, stated in *Detroit Trust Co.* v. *Old National Bank, supra,* that "in this State equity has not taken jurisdiction of cases where a suitor has a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within the province of a court of equity," and they also recognize that where such a feature is shown equity will take jurisdiction to meet the particular exigency, even though there may also be a remedy at law. In *Fred Macey Co.* v. *Macey, supra,* it is said:

"And a suit for money had and received might answer every purpose, yet circumstances may justify an accounting or an injunction."

The bill in this case shows trust relations. It alleges that defendant was intrusted by complainant

with certain money to be expended for a specific purpose, and that he had neglected and refused to account for it; that the relations of the parties and their dealings together involve an account between them with many and complicated items pro and con; that many of these items, and certain of the transactions out of which they arose, are solely within the knowledge of defendant. If they were equally known to both parties, and complainant fully informed concerning them, as counsel states, no accounting would be necessary; but the bill specifically alleges they are not, and on demurrer the bill is to be taken as true. Neither are the items of account all on one side, as in *Laubengayer* v. *Rohde, supra,* but, according to the allegations in the bill, there is a series of transactions with mutual demands.

That fiduciary or trust relations between the parties are involved is clearly alleged. Complainant charges contracts of purchase made by defendant, in which they had a joint interest, and on which full or partial payments were made with its money intrusted to him for that purpose; that it is entitled to the benefit of the same when disclosed, and that the names of the parties with whom such contracts were made are unknown to it, and that the specific undertaking involves unsettled and complicated accounts. In *Cochrane* v. *Adams, supra,* it is said:

"The right to an accounting in equity is incident to most trust relations, and is not cut off by a waiver of an answer under oath. Unless it is clear that complainant is already fully informed, he has a right to the information and the accounting."

See, also, *Morris & Co.* v. *Whitley,* 183 Fed. 764 (106 C. C. A. 206), and *Marvin* v. *Brooks,* 94 N. Y. 71. Defendant contends complainant is shown by the bill to be fully informed, and states specifically that there is a definite sum of money, $1,700, due com-

plainant from defendant. We have quoted the allegation in the bill. It does not state that any certain sum is due complainant, but that in these transactions it has paid to defendant large sums of money stated, under a videlicet, as amounting to $1,700, for which it has never received any bolts, and is unable to obtain an accounting with defendant.

The existence of a bare agency, without further peculiar and qualifying conditions, is not sufficient to confer equitable jurisdiction, but equity will take jurisdiction when, out of such agency, there arise lengthy and complicated accounts, the need of a discovery, or the existence of fiduciary or trust relations. In this case, when defendant was intrusted with complainant's money, to be expended and applied in his discretion at various times and places in dealings with various parties unknown to complainant, for the specific purpose of purchasing a commodity in which both were materially interested, he became a *quasi* trustee of the money so intrusted to him and of the property purchased with such money; and he may be required to account in equity for his stewardship, especially where it has resulted in an account "of many and complicated items," the details of which, in many instances, are peculiarly within his knowledge.

We think the bill makes out a case for accounting, and equitable relief in that connection, that it calls for an answer, and the trial court properly overruled the demurrer to said bill.

The decree is affirmed, with costs.

MOORE, MCALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.