MALLY *v.* EXCELSIOR WRAPPER CO.

1. EVIDENCE—COPY—BILL OF COMPLAINT—BEST EVIDENCE.

A copy of a bill of complaint which the defendant had filed in a cause involving a question of agency and the authority of its alleged representative to enter into contracts in this State, such copy having been received and served on the solicitor of the defendant in the chancery proceeding, was admissible in evidence to show the fact of agency by admissions on oath in the pleading, upon the trial of an action for goods sold and delivered that involved the question of the agent's authority to buy materials for the defendant's use in its business.

2. SAME—ORDER OF PROOF—RATIFICATION.

Although acts and declarations of the agent are incompetent to establish the agency, and the apparent power of the latter is to be determined from the conduct of the principal, evidence of the acts and statements accompanying an alleged purchase on the account of the principal are admissible in evidence to show in what capacity the agent acted and to prove ratification as claimed by the seller. The order of proofs rested in the discretion of the trial court.

3. SAME—BOOKS OF ACCOUNT.

Account books of the plaintiff shown to be the regular books of the party which he himself kept, and in which he entered transactions promptly, and which were the only records of his business, were properly received in evidence.

4. ELECTION OF REMEDIES—COUNTS—COMPELLING ELECTION.

Where plaintiff brought action against the defendant and its alleged agent jointly, and one of them was liable under the evidence, the court did not err in refusing to require that plaintiff elect against which he would proceed. Circuit Court Rule 27.

5. TRIAL—IMPEACHMENT—CROSS-EXAMINATION.

Where plaintiff's counsel called for cross-examination one of the defendants, and the other defendant, claiming that it was not, and that he was, liable, later, in putting in

its defense, recalled him without claiming the right of cross-examination as an adverse party, under Act No. 307, Pub. Acts 1909 (5 How. Stat. [2d Ed.] § 12865), the court did not commit error in refusing to permit the said joint defendant to impeach him.

Error to Berrien; Bridgman, J.  Submitted April 22, 1914.  (Docket No. 115.)  Decided July 24, 1914.

Assumpsit by George H. Mally against the Excelsior Wrapper Company and Philip Yund for the purchase price of a quantity of logs.  Judgment for plaintiff. Defendant Excelsior Wrapper Company brings error. Affirmed.

*Clapperton, Owen & Hatten,* for appellants.

*Lynn J. Lewis,* for appellee.

KUHN, J.  The plaintiff brought suit against Philip Yund, a resident of Berrien county, and the Excelsior Wrapper Company, a Wisconsin corporation authorized to do business in Michigan, with an office and factory in the city of Grand Rapids.  The defendants, in 1906, made an agreement whereby Yund was to buy bolts in southwestern Michigan, and, in 1908, 1909, and 1910, he bought certain bolts from the plaintiff, which were shipped to the Excelsior Wrapper Company.  A dispute arose between the defendants as to whether Yund was acting in these transactions as an individual principal or as agent for the Excelsior Wrapper Company, and the plaintiff, in order to determine who was liable to him for the bolts furnished by him, brought this suit and recovered a judgment of $806.80 against the Excelsior Wrapper Company, for which defendant brings the case to this court by writ of error.  It is the contention of this defendant that a verdict should have been directed in its favor, because there was no legal proof of the agency of Yund, and no contract was shown to exist between plaintiff and the Excelsior Wrapper Company.  Mally

testified as to the arrangement made with Yund as follows:

"*A.* There was no contract made any more than a mere verbal agreement. There was no written contract made. I was to buy those bolts, and Mr. Yund was to pay me for them, and I was to ship them to Grand Rapids, to the Excelsior Wrapper Company. That was the arrangement made between Mr. Yund and myself at certain prices."

On cross-examination by counsel for defendant Yund, he stated:

"*Q.* So, Mr. Mally, as a part of that talk at the time when your agreement with Mr. Yund was made, you were told by him that he was an agent or representative (I do not know what language he used) of the Excelsior Wrapper Company of Grand Rapids?
"*A.* Yes.
"*Mr. Hatten:* An objection and exception.
"*Q.* And that he was buying those bolts for that company?
"*A.* Yes.
"*Mr. Hatten:* An objection and exception. Those are all made as to the Excelsior Wrapper Company, and I understand they are all overruled as to them.
"*The Court:* Yes.
"*Q.* In other words, Mr. Mally, you had—you were informed at that time, and knew all along during your transactions with Mr. Yund, that he was not buying those bolts for himself but for the Grand Rapids Excelsior Wrapper Company?
"*A.* That was the instructions he gave me to ship to them anyway, at least.
"*Q.* That he was not buying them for himself?
"*A.* No."

The plaintiff showed that the Excelsior Wrapper Company received 29 cars of bolts from him and advised Yund of each shipment, and that plaintiff advised the Excelsior Wrapper Company of each shipment on "advance cards" furnished by the company. Payment was made direct by the Excelsior Wrapper Company of $125 to the plaintiff, who made a trip to

Grand Rapids and complained to the company of Yund's failure to pay. It also appears that the Excelsior Wrapper Company paid taxes on the bolts at the several stations as soon as they were piled in the yards by the farmers and while they were awaiting shipment. In order to show a ratification by the defendant Excelsior Wrapper Company of Yund's acts, the plaintiff offered in evidence certain letters written by the company to various persons. The following is one of these letters:

"EXCELSIOR WRAPPER COMPANY, MANUFACTURERS OF EXCELSIOR BOTTLE PACKING AND EXCELSIOR PACKING MATS. FACTORIES: SHEBOYGAN, WIS.; GRAND RAPIDS, MICHIGAN. WAREHOUSE: HOBOKEN, N. J.
"GRAND RAPIDS, MICHIGAN, Nov. 23, 1907.
"MR. S. SHELDON,
    "Benton Harbor, Michigan.
*"Dear Sir:*
"We are in receipt of your favor of the 22d inst., relative to your agreements and contracts with our Mr. Yund, whereby you agreed to get out certain quantities of bolts for him, to be delivered at the railroad at Riverside and Coloma; also agreeing to do bolt collecting for him at those two points. In reply will state that Mr. Yund is our representative in the bolt field in the greater portion of the territory south of here, and we will bear him out on any arrangement he makes with you in regard to getting out and collecting the bolts delivered to the railroad at Riverside and Coloma. This is a responsible firm and we regard our Mr. Yund as a thoroughly upright and responsible party to handle these matters for us, and you can depend upon it that anything he has agreed to do he will carry out strictly to the letter.

"We trust you will be enabled to get out a very large quantity of bolts for him during this fall and throughout the coming winter.
                    "Yours very truly,
                    "EXCELSIOR WRAPPER COMPANY,
                            "W. F. MUELLER."

A copy of a bill of complaint filed in a suit brought

by the *Excelsior Wrapper Co.* v. *Yund,* which cause was finally determined in this court and is reported in 176 Mich. 372 (142 N. W. 353), was admitted in evidence. This copy was served on counsel for defendant Yund, and the original was verified under oath by one of the officers of the company. Paragraph 1 of said bill of complaint reads as follows:

"(1) That during the year 1906 a contract was entered into between your orator and said defendant, whereby, in consideration of the premises, said defendant Philip Yund became the agent of your orator for the purpose of procuring suitable bolts in the southwestern portion of the State of Michigan, for the manufacture of excelsior at the Grand Rapids plant of your orator."

It was offered to show admissions on the part of the defendant Excelsior Wrapper Company as to the agency of Yund. It was objected to because it was a copy, and not the original. We think, however, that it was properly received, as the paper was the identical paper prepared by the same counsel for the defendant Excelsior Wrapper Company, who represent the company in this litigation, and it was sent by them to Yund's solicitor, and its weight was properly left to the jury. *Fowler* v. *Hoffman,* 31 Mich. 215.

It is urged that the agency of Yund could not be shown by his acts and declarations, and must be shown by the acts of the principal, citing *Clark* v. *Dillman,* 108 Mich. 625 (66 N. W. 570), and *Marx* v. *King,* 162 Mich. 258 (127 N. W. 341).

In *Wierman* v. *Sugar Co.,* 142 Mich. 422, 438, 439 (106 N. W. 75, 81, 82), Mr. Justice GRANT, in discussing this question, said:

"The apparent power of an agent is to be determined by the acts of the principal, and not by the acts of the agent. 1 Am. & Eng. Enc. Law (2d Ed.), p. 990, and note; *Mechanics' Bank* v. *Railroad Co.,* 13 N. Y. 599. No act of the principal in this case ap-

pears upon this record to show that it clothed its agent with authority to pledge its liability to pay the debts of third persons. The question here is one of original authority. There is no evidence of ratification."

In the instant case the admissions and declarations of the defendant were admitted for the purpose of showing ratification, and the order in which the proofs were admitted was discretionary with the trial judge. *Campbell* v. *Sherman*, 49 Mich. 534 (14 N. W. 484) ; *Turner* v. *Insurance Co.*, 55 Mich. 236 (21 N. W. 326).

In *Hirschmann* v. *Railroad Co.*, 97 Mich. 384, 397 (56 N. W. 842), this court said:

"The declarations of an agent are not admissible to prove an agency, but when there is testimony to show ratification, or original authority, or a holding out to the world as having authority, such declarations accompanying the act are admissible to show in what capacity he contracted. *Campbell* v. *Sherman*, 49 Mich. 534, 536 [14 N. W. 484] ; *Haughton* v. *Maurer*, 55 Mich. 323 [21 N. W. 426] ; *Bacon* v. *Johnson*, 56 Mich. 182 [22 N. W. 276]."

We are satisfied that the testimony with reference to the establishment of the agency was properly admitted and this question properly left to the jury.

Error is assigned because of the admission of certain account books of the plaintiff. It appears that these books were the regular books of account which he kept himself, and in which he made entries promptly after each business transaction; that all his business was kept in these books, and they contained the only record of the transactions. This brings it within the rule announced in *Countryman* v. *Bunker*, 101 Mich. 218, 219, 220 (59 N. W. 422) :

"In order to entitle books of account to reception as evidence, it must appear that the party keeping and producing them is usually precise and punctilious respecting the entries therein, and that they are designed at least to embrace all the items of the account which are proper subjects of entry."

It is urged that the court should have compelled the plaintiff to elect as between the defendants, and that Circuit Court Rule 27 does not cover a case like the one at bar, where to hold one defendant must necessarily mean the release of the other. This point has been passed upon by this court in *Root & McBride Co.* v. *Salt Ass'n,* 140 Mich. 441 (103 N. W. 844), and *Hoek* v. *Township of Allendale,* 161 Mich. 571 (126 N. W. 987, 21 Am. & Eng. Ann. Cas. 118). It is admitted that one of the defendants was indebted to the plaintiff for the logs. The plaintiff brought suit against them both, and the jury determined which one of them, under the facts in the case, was liable. It would seem that such a situation comes clearly within the meaning of the rule, which provides as follows:

"(c) But, in case an action is brought against two or more defendants, the plaintiff shall not be required to discontinue as to any of them, but the jury shall show by their verdict, or the court by its finding, in a trial by the court without a jury, which of them are and which of them are not liable to the plaintiff, and judgment shall be given accordingly."

As this case developed in the trial, the two defendants became, in effect, the real adverse parties. The plaintiff called to the stand the defendant Yund for cross-examination, under Act No. 307, Pub. Acts 1909 (5 How. Stat. [2d Ed.] § 12865). He was cross-examined by his own counsel and counsel for the defendant Excelsior Wrapper Company, who, later in the case, in putting in proofs for the defense, recalled and examined him as a witness. At this time no announcement or statement was made that he was calling him under the statute, or for further cross-examination. No claim being made to the court at the time that he was being called, under the statute, as an adverse party, it must be presumed that he called him as his own witness, and the court did not commit error

in not allowing counsel to try to impeach him as to this testimony.

We have examined the other assignments of error with reference to the charge of the court, but find no prejudicial error in the record.

The judgment is affirmed.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.