REID *v.* HEATER.

ACCOUNTING—DEMURRER—MASTER AND SERVANT—EQUITY—PROFIT
SHARING AGREEMENT.

A demurrer was correctly overruled by the circuit court
in chancery to complainant's bill for an accounting,
averring that defendant employed complainant upon a
basis of ten per cent. of the net profits of a corporation
in Detroit theretofore controlled by plaintiff, which de-
fendant took over under a proviso that it should con-
tinue the business as a branch office under the same
name, also that the defendant discharged complainant
during the term fixed by the contract, and otherwise
violated its stipulations, and declined to render state-
ments of the business that was done.

Appeal from Wayne; Hally, J. Submitted October
14, 1914. (Docket No. 95.) Decided January 29,
1915.

Bill by William Reid against George L. Heater and
the Toledo Plate & Window Glass Company for an ac-
counting. From a decree overruling a demurrer to
complainant's bill defendants appeal. Affirmed.

*Corliss, Leete & Moody,* for complainant.

*Luther S. Trowbridge, Jr.,* and *Edwin C. Lewis,* for
defendants.

MOORE, J. The defendants filed separate de-
murrers to the complainant's bill of complaint. Sev-
eral reasons were stated in the demurrers. The im-
portant ones are:

(1) The bill is without equity; (2) the complain-
ant has an adequate remedy at law; (3) the defend-
ants are improperly joined.

The defendants cite the case of *Laubengayer* v.

*Rohde,* 167 Mich. 605 (133 N. W. 535), in support of the contention that the circuit judge erred in over-ruling the demurrers.

Omitting the formal parts of the bill of complaint, it states, in substance, that complainant, his son Louis R., and Hattie B. Reid owned the corporation known as the William Reid Glass Company, which for many years did a general jobbing business in glass and other articles in Detroit; that it was represented by defendant Heater that the other defendant desired to control or establish a branch house in Detroit; and that negotiations were entered into that culminated in a written agreement, which is too long to insert here, by which it was—

"Promised that your orator should receive and be paid 10 per cent. of the net profits of the Detroit branch of said business to be carried on under the name of the William Reid Glass Company, and that your orator and his son Louis R. Reid was to be employed in said business during said period as set forth in said written agreement hereto attached. *  *  *

"(3) Your orator further avers that, in accordance with said written agreement, all of the capital stock of the William Reid Glass Company was transferred to the said George L. Heater for and in behalf of the defendant Toledo Plate & Window Glass Company, and said defendants assumed full control over and direction of the business then established and carried on under the name of William Reid Glass Company, and continued your orator in their employ under the salary as agreed upon in contract Exhibit B, but that shortly after the employment of Louis R. Reid was discontinued by mutual assent, your orator retaining his position and his interest in the net profits of the business, which were to be 10 per cent. per annum. *  *  *

"(5) Your orator further avers that subsequently, on April 1, 1911, or thereabouts, said defendants discontinued the use of the name of the William Reid Glass Company, and transferred the stock and property belonging to said corporation to the defendant Toledo Plate & Window Glass Company, without the

consent of your orator and against your orator's best judgment, and to your orator's great detriment and lawful profits, and in violation of the agreement, * * * which provisions of said contract said defendants have violated by transferring the business and winding up the affairs of said William Reid Glass Company, and taking the same over in the name of the said defendant Toledo Plate & Window Glass Company to the great detriment and loss of your orator.

"(6). Your orator further avers that on or about the 1st day of April, 1913, the three years having expired, said defendants discharged your orator and refused to permit him to be employed or associated in connection with their business longer; that during all of said three years your orator has repeatedly endeavored to obtain correct statements of the business operations carried on by the said defendants under the name of the William Reid Glass Company and the Toledo Plate & Window Glass Company, in the city of Detroit, and to ascertain the net profits realized therefrom, but has been unable to do so, said defendants refusing to give any definite information or statements showing the detailed operations of the business or the net profits therefrom; that, in order to conceal the business methods and operations, said defendants transferred the bookkeeping and office transactions to Toledo, their main office, where all of the important records and documents have been maintained.

"(7) Your orator further avers on information and belief that said defendants have made a large sum of money from the operation of the business acquired, held, and controlled as hereinbefore set forth; that there is a large sum of money due to your orator from the net profits of said business, as well as damages sustained in consequence of the loss of the good will of said business as set forth and stipulated in said contract; that, in order to absorb the net profits of the Detroit branch said defendants have purchased large quantities of goods. at manufacturers' prices, with liberal discounts, and charged the Detroit branch jobbers price or prices much higher than the net purchase price made by said principals at Toledo. * * *

"(8) Your orator further avers that in the operation of the glass business there are certain secret agreements existing between the large purchasers by

which they secure special discounts and secret contracts; that said defendants are associated in such combination in order to control the trade, and that in the operation of the Detroit branch all these advantages, rebates and discounts have been concealed and absorbed by said defendants in their general business established at Toledo, Ohio, for the purpose of depriving your orator of his just rights and the payment of 10 per cent. of the net profits of the business maintained at Detroit, as stipulated in said contract. * * *

"(9) And your orator further avers on information and belief that said defendants in the conduct of said branch business at Detroit, Mich., have concealed the rebates obtained by said defendants on the purchase of merchandise shipped to the Detroit branch. * * * That your orator verily believes that he has suffered other losses and damages not herein specifically set forth and which your orator is unable at present to specify owing to the concealment of the facts by said defendants, but which your orator prays may be disclosed by an examination of the books, records, and vouchers of said defendants in order to determine the rights of your orator in the premises. * * *

"Wherefore your orator prays that said defendants may be commanded to answer this, your orator's bill of complaint (answer under oath being hereby waived), and to make a full accounting, and that they may be required to produce in said cause all of their books, documents, records, and papers of every name and nature from which may be obtained a correct information pertaining to the operation of the business affecting the Detroit branch as set forth in this your orator's bill of complaint.

"That a decree may be entered in your orator's behalf based upon 10 per cent. of the net profits of the said business during said period of three years; that your orator may be awarded damages sustained by reason of the loss of the good will of the name of the William Reid Glass Company, and the trade long established by your orator, and for such other and further order and decree as to the court shall seem meet."

The demurrers of course must be regarded as admitting the truth of the averments of the bill of com-

plaint. We think the case is not controlled by *Laubengayer* v. *Rohde, supra,* in favor of defendants, but that the action of the circuit judge is justified by the following cases: *Darrah* v. *Boyce,* 62 Mich. 480 (29 N. W. 102); *Petrie* v. *Torrent,* 88 Mich. 43 (49 N. W. 1076); *Warren* v. *Holbrook,* 95 Mich. 185 (54 N. W. 712, 35 Am. St. Rep. 554); *Boyce* v. *Boyce,* 124 Mich. 696 (83 N. W. 1013); *Freeman* v. *Specialty Co.,* 174 Mich. 59 (140 N. W. 572); *Excelsior Wrapper Co.* v. *Yund,* 176 Mich. 372 (142 N. W. 353).

The decree is affirmed, and defendants will be allowed the usual time in which to answer if they so desire.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.