BARBER-GREENE CO. *v.* PROKSCH.

1. SALES—REPOSSESSION BY SELLER RELIEVES PURCHASER FROM FURTHER LIABILITY.
   Repossession by seller of chattels sold on title-retaining contract relieves purchaser from further liability.

2. CHATTEL MORTGAGES—RETURN OF MORTGAGED CHATTELS—RELEASE—CONSIDERATION.
   Return by mortgagor of chattels to mortgagee with latter's assent constitutes sufficient consideration for mortgagor's release from further liability.

3. PRINCIPAL AND AGENT—AUTHORITY OF AGENT TO RELEASE DEBTOR—RATIFICATION.
   Selling agent has no authority to release debtor from liability unless release is ratified by seller.

4. SAME—RATIFICATION—QUESTION FOR JURY.
   Whether seller of machinery sold on title-retaining contract ratified act of its selling agent in releasing purchaser from further liability on return of machinery, *held*, question for jury under evidence.

5. EVIDENCE—PRINCIPAL AND AGENT—RELEASE—RATIFICATION.
   Where there was sufficient evidence to take to jury question of seller's ratification of selling agent's release of debtor from further liability on return of machinery purchased on title-retaining contract, testimony as to agreement between debtor and selling agent was admissible.

6. SAME—FAILURE TO PRODUCE EVIDENCE.
   Failure of party to produce evidence within its control may be considered by jury.

7. RELEASE—SALES—PRINCIPAL AND AGENT.
   Verdict that purchaser of road-making machinery sold on title-retaining contract was released from further liability by seller's agent on return of said machinery, *held*, justified by record.

8. SAME—LEASES—CONSIDERATION.

> Where contractor purchased on title-retaining contract certain road-making machinery and leased other machinery with option to purchase and apply rental money on purchase price, agreement whereby he was released from further obligation by seller's agent on return of all machinery was without consideration as regards leased machinery, since it was his duty not only to return said machinery at end of term but also to pay what was due for rental. SHARPE and NORTH, JJ., dissenting.

Error to Iron; Bell (Frank A.), J. Submitted January 8, 1930. (Docket No. 34, Calendar No. 34,622.) Decided October 3, 1930.

Assumpsit by Barber-Greene Company, an Illinois corporation, against Alois H. Proksch, doing business as Iron River Construction Company, on a conditional sales contract and a lease. From judgment for defendant, plaintiff brings error. Reversed, in part.

*August J. Waffen (Worcester & Lord,* of counsel), for plaintiff.

*Leman A. Lyon,* for defendant.

BUTZEL, J. Barber-Greene Company, plaintiff, is the manufacturer of machinery used in building concrete roads. Alois H. Proksch, with others, was engaged in road building under the name of the Iron River Construction Company. He is the sole defendant in this case, no question having been raised on account of the nonjoinder of his former copartners. On April 17, 1923, defendant purchased from plaintiff, on a conditional sale contract, a No. 21 bucket loader with an engine and hopper, and agreed to pay therefor $3,450 as follows: $500 in

cash and $2,950 in notes, upon which $1,000, or thereabouts, was subsequently paid. Defendant, in the following month, also leased from plaintiff a No. 42 bucket loader with engine and hopper, for laying 50,000 yards of concrete pavement. He agreed to pay as rental therefor six cents for each square yard of pavement laid, but to pay as a minimum the rental for laying 10,000 yards, or $600, a month. The lease contained a provision that defendant, while not in default in payment of the rent, would have an option to purchase the leased machinery for $3,900, together with interest, provided, however, he availed himself of this option during the first five months of the lease; and in that event he would be entitled to all payments of rent theretofore made together with interest as a credit upon the purchase price. The lease provided that either party might cancel at the end of five months after the date of the delivery of the machinery and equipment, irrespective of whether defendant's contract for the construction of the concrete highway was completed or not. Plaintiff in its bill of particulars claims that there is the sum of $1,905.65 due for rent. The option to purchase was never exercised by defendant, nor was the lease canceled in any formal manner. There are other minor items claimed by plaintiff, but which are not considered for reasons hereinafter stated.

It is claimed by defendant that in the month of November, 1923, he found himself in very serious financial difficulties, and, with the assistance of a bonding company, which was involved as surety on the bonds given by him, he went to Chadwick Brothers in Milwaukee, with whom he had all his dealings in regard to the purchase of the machinery, and who, he claims, were plaintiff's agents. The

testimony shows that they agreed, on behalf of plaintiff, that if defendant would return all of the machinery to Milwaukee, Wisconsin, without putting plaintiff to the expense of repossession and loading the machinery, plaintiff would release him from all further liability under the contract and lease. Defendant subsequently received a wire from Chadwick Brothers, changing the shipping directions from Milwaukee to plaintiff's factory at Aurora, Illinois. This would strongly indicate the Chadwick Brothers had communicated with plaintiff and plaintiff had directed the return of the machinery.

Plaintiff has brought this suit, almost two years after the return of the machinery, to recover the balance due on the conditional sale contract, the rental for the leased machines, and other minor items for which the record does not show that any proofs whatsoever were offered. The defendant offered ample proof of the arrangement with Chadwick Brothers for the return of the property and his release from all further claims. He did not give direct proof of Chadwick Brothers' authority. He claims, however, that from the fact that the property was returned to plaintiff in accordance with the changed shipping directions, it is reasonable to suppose the order must have come from plaintiff. The correspondence, which shows that plaintiff knew of defendant's claim and did not deny Chadwick Brothers' authority, further tends to prove ratification. Plaintiff offered no testimony denying Chadwick Brothers' authority. It claims that even if such authority had been given there would be no consideration for the release. The question of ratification was submitted to the jury, who returned a verdict of no cause of action in favor of defendant.

The contract for the No. 21 bucket loader contains the following provision:

"It is agreed that title to said property shall not vest in vendee or in any other person, firm or corporation until paid in full, which shall include the payment of any notes given, either original or renewals, and any judgments secured with ten (10) per cent. attorney's fee. If cash payment is not made as agreed, or if there be default at any time in any payment or other condition of this agreement, or upon refusal or neglect of vendee to accept said property when tendered by vendor, or any transportation agency, the full amount unpaid hereunder including any notes given, shall become due and payable forthwith, and in default of any payment or other condition herein expressed said property may be removed by vendor or its agents without legal process.

"At all times the name, number plates, marks and signs of the ownership of the vendor, its successors or assigns, shall be fixed and retained upon said property, to conform to the requirements of law, and for the purpose of making the ownership publicly known, and said plates or marks shall be maintained thereon by the vendee until all of the conditions of this contract have been fulfilled."

It further provides that plaintiff may take such action as it may see fit to recover the purchase price, anything in the contract to the contrary notwithstanding. Plaintiff claims that the contract is one of conditional sale, and defendant insists that it is a chattel mortgage on account of clauses inconsistent with plaintiff's theory. Even if it were intended to be a conditional sale contract, plaintiff's repossession of the property would relieve defendant from further liability, while if a mortgage, as it appears to be, the return of the chattels to plaintiff

would be a sufficient consideration for defendant's release from further liability if plaintiff assented to it. Objection is made by plaintiff to the fact that defendant was permitted to give proof in regard to his release by Chadwick Brothers, when there was no showing of Chadwick Brothers' authority to make such an agreement. It is true that a selling agent would not have the authority to release a debtor from liability upon return of the goods sold unless there were proof of a ratification by the seller. There was sufficient testimony in regard to plaintiff's actions to make it a question for the jury to determine whether there had been such ratification, and for this reason the testimony as to the agreement with the agents was admissible. *Mally* v. *Excelsior Wrapper Co.,* 181 Mich. 568; *Miskiewicz* v. *Smolenski,* 249 Mich. 63. The failure of the plaintiff to produce evidence within its control may be considered by the jury in coming to its conclusion. *Brandt* v. *C. F. Smith & Co.,* 242 Mich. 217, 222.

The verdict of the jury as to the release of defendant from further obligation under the title-retention contract should not be disturbed.

The lease of the machinery, however, presents a different question. Were the rights of third parties involved there might possibly be a question as to whether the contract was a conditional sale contract or a lease. We need not discuss this question, however; between the original parties it was a lease with an option to purchase. The installments of rent did not amount to the price for which the property might have been purchased during the option period. It was defendant's obligation to pay the rent in accordance with the agreement. It further was his duty to return the property at the end of the term and to pay the rent that was due up to that

time.  A somewhat similar situation presented itself in the case of *Longyear* v. *Jennings,* 222 Mich. 647, where a lessee claimed that he had made arrangements with a real estate agent to surrender the key of the demised premises in consideration of a release from claims for past-due rent.  Mr. Justice SHARPE in that case said:

"The only consideration claimed for such a promise on his part was the delivery of the key to him. This defendant was under legal obligations to do in order to relieve himself from further liability to pay the rent. * * * The surrender of possession was no such consideration as would support a promise to forego the rent then due."

For the reasons hereinabove stated, it becomes unimportant as to what agreement was made by defendant with Chadwick Brothers or whether the latter had the authority to release defendant or not from the lease.

The judgment is reversed, and the lower court is directed to enter a judgment for plaintiff against defendant for the amount of the rent for the No. 42 bucket loader with engine and hopper in accordance with the bill of particulars, together with interest. Plaintiff will recover costs.

WIEST, C. J., and CLARK, McDONALD, POTTER, and FEAD, JJ., concurred with BUTZEL, J.

NORTH, J. (*dissenting*).  The controlling question of fact in this case is whether the defendant proved ratification by plaintiff of an alleged settlement of the claims on which plaintiff's suit is planted.  If there was such a settlement it covered both the unpaid portion of the purchase price of the one road machine and the unpaid rental for the other.  Under

the proofs, it applied to both or to neither. At the time of the alleged settlement the defendant was practically a bankrupt and this was known to plaintiff's agent. Defendant had paid plaintiff $1,750, a little more than half the purchase price of the machine he was buying. He had paid $841.26 rental on the other. He voluntarily surrendered both machines of which he had lawful possession in Wisconsin, and caused them to be shipped to plaintiff in Illinois under directions received from plaintiff's agent. They were received by plaintiff and retained after plaintiff was informed by defendant of the terms of the settlement. The issue of ratification was submitted to the jury under a clear and concise charge. There was ample proof of facts and circumstances to sustain the finding of ratification. The verdict and judgment should be affirmed, with costs to appellee.

SHARPE, J., concurred with NORTH, J.