RUHALA *v.* ROBY.

1. WITNESSES—OPPOSITE PARTIES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—DRIVER OF CAR IN WHICH DECEDENT WAS RIDING.

Testimony of defendant in action by administrator of estate of decedent who was killed in an automobile accident as to whether such defendant or decedent was driving the car was barred by statute prohibiting testimony as to matters equally within knowledge of the decedent (CLS 1961, § 600.2160).

2. SAME—OPPOSITE PARTIES—CROSS-EXAMINATION.

A plaintiff may call an opposite party as a witness, and make the opposite party plaintiff's witness, or call him for cross-examination under the statute, and not make the opposite party plaintiff's witness, in which latter event the plaintiff is required to announce the purpose for calling the witness or offering his deposition (CLS 1961, § 600.2161).

3. SAME—OPPOSITE PARTY—CROSS-EXAMINATION—DEPOSITION—DISCRETION OF COURT.

Denial of right to consider deposition of witness as offered for purpose of cross-examination *held*, not an abuse of discretion, where such witness, although an opposite party, had not been called for cross-examination under the statute, and right of cross-examination had been denied (CLS 1961, § 600.2161; GCR 1963, 302.4[2], 302.6).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses §§ 219, 250.
Testimony to facts of automobile accident as testimony to a "transaction" or "communication" with a deceased person, within dead man statute. 80 ALR2d 1296.
[2, 5] 58 Am Jur, Witnesses § 560.
[3, 4] 23 Am Jur 2d, Depositions and Discovery § 7.
[6] 4 Am Jur 2d, Appeal and Error §§ 537, 538.

4. DEPOSITIONS—WITNESS PRESENT IN COURT.

    None of a deposition is admissible in evidence where witness who deposed, not called for cross-examination, is present in court, since there is no necessity for resorting to it, although had the witness who was an opposite party, been called for cross-examination under the statute, the deposition might then have been used for purposes of impeachment, if necessary (CLS 1961, § 600.2161; GCR 1963, 302.4[2], 302.6).

5. WITNESSES—OPPOSITE PARTY—CROSS-EXAMINATION.

    Denial of request to cross-examine opposite party whom plaintiff had called as a witness without having announced the purpose for calling such witness *held*, not error, where no showing was made of necessity for cross-examination of such witness (CLS 1961, § 600.2161).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—REQUEST TO CHARGE —DAMAGES.

    Claim of error in omission to give requested instruction relative to damages is not discussed, where jury's verdict constituted a finding of no liability on part of defendant.

Appeal from Shiawassee; Carland (Michael), J. Submitted Division 2 February 9, 1966, at Lansing. (Docket No. 832.) Decided March 22, 1966. Leave to appeal granted by Supreme Court May 25, 1966. See 377 Mich 712, 379 Mich 102.

Complaint by Richard Ruhala, administrator of the estate of Esther Kingsley, against James Roby and William Burditt for the wrongful death of decedent in an automobile accident. Directed verdict and judgment for defendant Burditt. Verdict and judgment for defendant Roby. Plaintiff appeals only as to defendant Roby. Affirmed.

*Leitson, Dean, Dean, Abram & Segar (Max Dean,* of counsel), for plaintiff.

*Des Jardins & Des Jardins (Jerry L. Des Jardins,* of counsel), for defendant Roby.

QUINN, J. The trial court directed a verdict of no cause for action as to Burditt. The jury returned

a verdict of no cause for action as to Roby. Judgment entered on the verdicts. Plaintiff's motion for a new trial as to Roby was denied and plaintiff appeals from the order denying the new trial.

Plaintiff states the first two issues on appeal as follows:

"May plaintiff's offer of defendant's discovery deposition be received without making the defendant plaintiff's witness?"

"May plaintiff, after receipt into evidence of defendant's discovery deposition on plaintiff's offer, call defendant for cross-examination?"

A full understanding of these issues and their resolution requires that they be considered together and in context with trial procedure adopted by plaintiff.

Plaintiff's decedent died as the result of injuries received in a motor vehicle accident December 7, 1963, on Dixie highway in Saginaw county. The complaint alleged decedent was a nonguest passenger in her automobile being driven in a northerly direction by defendant Roby. It further alleged that this car went out of control because of Roby's reckless and negligent driving, crossed the center line and entered the southbound lane where it was struck by defendant Burditt's motor vehicle as it proceeded south. The complaint specified several items of negligence attributable to Burditt.

In his answer, Roby denied he was driving the automobile involved and also pleaded this fact together with an allegation of decedent's negligence as an affirmative defense. Burditt's answer denied any negligence and pleaded affirmatively that the negligence of the driver of plaintiff's vehicle was the sole cause of the accident.

The only eyewitnesses to the accident were Fred Rosenberger, who was following plaintiff's car;

Harold Wallner, who was following the Burditt vehicle; Roby; and Burditt. Plaintiff called Rosenberger as a witness but did not ask him any questions regarding the identity of the driver of plaintiff's car. Plaintiff also called Wallner but he did not know who was driving plaintiff's vehicle. Roby's testimony as to the driver of plaintiff's automobile was barred by the statute.[1] If plaintiff were to establish the identity of the driver of the car in which plaintiff's decedent was riding, she then had to do it by the testimony of Burditt, and any available physical evidence tending to establish that fact.

Plaintiff had taken Burditt's discovery deposition, and although Burditt was present in court, plaintiff did not call him as a witness initially but did offer the discovery deposition in evidence without announcing the purpose therefor. Opposing counsel were afforded an opportunity to determine whether the deposition contained inadmissible evidence, and a conference between court and all counsel resulted in a ruling that parts of the deposition were inadmissible. Thus restricted, the deposition was received and read into evidence. Later in the trial, plaintiff called Burditt for cross-examination under the statute.[2] Objection of defense counsel to this procedure was sustained and cross-examination was not permitted, except on a separate record.[3] Plaintiff then examined Burditt directly.

Plaintiff contends the trial court erred in holding that under the above procedure, Burditt became plaintiff's witness and was not subject to cross-examination by plaintiff. He supports this contention by the language of GCR 1963, 302.6 and 302.4(2) which is as follows:

---

[1] CLS 1961, § 600.2160 (Stat Ann 1962 Rev § 27A.2160).
[2] CLS 1961, § 600.2161 (Stat Ann 1962 Rev § 27A.2161).
[3] GCR 1963, 604.

".6 Effect of Taking or Using Depositions. A party shall not be deemed to make a person his own witness for any purpose by taking his deposition. The introduction in evidence of the deposition or any part thereof for any purpose other than that of impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this shall not apply to the use by an adverse party of a deposition as described in subrule 302-.4(2)."

".4(2) The deposition of a party or anyone who at the time of the transaction or occurrence out of which the action arose or at the time of taking the deposition was an officer, director, employee, or agent of any party may be used by an adverse party for any purpose."

It is clear that the exception provided in 302.6 in regard to the use of the deposition of a party by an adverse party as described in 302.4(2) is for the purpose of having the use of depositions conform to the practice applicable if the deponent was called as a witness. Plaintiff could have called Burditt as his witness, or he could have called him for cross-examination under the statute, *supra,* and not made him his witness. If the latter result is desired, counsel is required to announce the purpose for calling the witness or offering the deposition. *Mally* v. *Excelsior Wrapper Co.* (1914), 181 Mich 568. It is true that at the time right to cross-examine Burditt was denied, plaintiff requested the trial court to consider the deposition as offered for the purpose of cross-examination, but this request is addressed to the court's discretion. At the stage the request was made, we hold it was not an abuse of discretion to deny it. (Compare *Walter* v. *Detroit, J. & C. R. Co.* [1916], 191 Mich 181.)

Plaintiff next contends the trial court erred in ruling inadmissible parts of Burditt's deposition.

These parts were excerpts of Burditt's testimony on deposition relating to statements made by him in extrajudicial statements to the State police and an insurance adjuster. In the testimony on deposition, which was excluded at trial, Burditt confirmed the following questions and answers in his statement to the State police:

"*Q.* William, did you see the passengers in the car before you hit?

"*A.* Yes sir.

"*Q.* Could you tell me the sex of the passengers and where they were sitting in the car?

"*A.* A male and a female, the woman was sitting on the passenger's side where we hit.

"*Q.* Then you saw this woman in the car before you hit?

"*A.* Yes."

He likewise confirmed the following questions and answers in a statement to the adjuster.

"*Q.* The question I am asking you and the answer is correct?

"*A.* Yeah.

"*Q.* Now, the next question that was asked you: 'I see, do you know who was driving the other car?' and the answer, 'Well I'll tell you the same as I told the State Police and his wife, the man was not driving the car'?

"*A.* The woman was not driving the car.

"*Q.* Excuse me, 'The woman was not driving the car,' is that correct?

"*A.* That's right.

"*Q.* Now, the next question is, 'The woman was not driving?'" and the answer, 'Right, not driving the car' is that correct?

"*A.* Uh-huh."

Plaintiff's contention cannot be sustained. As stated in 5 Wigmore on Evidence (3d ed), § 1415, p 192:

"It is clear, therefore, that if the witness is present in the court-room at the time when his deposition is offered, the deposition is inadmissible, because there is no necessity for resorting to it."

To the same effect see *Dunn* v. *Dunn* (1863), 11 Mich 284. It is the opinion of this Court that none of the deposition should have been received in evidence.[4] Its proper use would have been for purposes of impeachment, if necessary.[5]

During plaintiff's direct examination of Burditt, plaintiff requested the right to cross-examine the witness. The request was denied and plaintiff claims this was error. The trial court properly denied this request. No showing was made to indicate the necessity for cross-examination. *Dompier* v. *Lewis* (1902), 131 Mich 144.

The jury found no liability. This obviates discussion of plaintiff's final claim of error with respect to a requested instruction on damages that the trial court did not give.

We find no error. The trial court is affirmed, with costs to appellees.

LESINSKI, C. J., and T. G. KAVANAGH, J., concurred.

---

[4] See GCR 1963, 302.4(3[5]).—REPORTER.
[5] See GCR 1963, 302.4(1).—REPORTER.