NATHANIEL HAUGHTON ET AL. v. JOHN MAURER.

*Cross-examination of parties—Agency—Estoppel from disputing payment of discounted note.*

1. Cross-examination of a plaintiff on any part of the merits involving his own acts and statements is not to be rejected on the ground that defendant should have made him his own witness, where all the questions present but one substantial issue.

2. Where an agent's authority is at issue the statements and dealings of his principal with third persons in recognition of it are relevant.

3. Declarations by a person claiming to be an agent, and constituting a part of his transactions as such, may be shown as res gestae on the question of his authority.

4. A payee in a note who has discounted it and so received payment on it is estopped from afterwards disputing such payment, whatever the

case might be with an indorser who had come into possession of it. So *held* where before the note's maturity an agent of the payee had collected the amount of it from the maker without the knowledge of his principal, and had defaulted.

Error to Wayne.   (Jennison, J.)   Oct. 22.—Nov. 19.

ASSUMPSIT.   Plaintiffs bring error.   Affirmed.

*Ed. E. Kane* for appellants. Acts of an alleged agent cannot be shown in evidence against his principal until they are shown to be within the scope of his authority, and the same proof must be essential to the admissibility of the statements and representations of the alleged agent which accompany and characterize his acts: *N. Y. Ins. & Trust Co. v. Beebe* 7 N.Y. 369; *Stringham v. St. Nicholas Ins. Co.* 3 Keyes (N. Y.) 290; *Olding v. Smith* 11 Eng. L. & Eq. 424, 428, 432; *Scott v. Crane,* 1 Conn. 259; *Hatch v. Squires* 11 Mich. 185; *Korneman v. Monaghan* 24 Mich. 37; *Sewing Machine Co. v. Polhemus* 34 Mich. 249; authority cannot be inferred from any number of unauthorized acts: *Howard v. Norton* 65 Barb. 161; one who deals with a special agent is bound to know the extent of his powers: *Martin v. Farnsworth* 49 N. Y. 558; *Hoffman v. Tredwell* 5 Paige 82; *Scott v. McGrath* 7 Barb. 55; Dunlap's Paley's Agency 202; Story's Agency 155; 2 Kent's Com. 620; *Mudgett v. Day* 12 Cal. 139; *Hammond v. Michigan State Bank* Walk. Ch. 246; *Roberts v. Rumley* 58 Ia. 301; there can be no ratification of an agent's act unless the principal knows all the material facts: *Billings v. Morrow* 7 Cal. 174, 175; *Bannon v. Warfield* 42 Md. 42; *Reynolds v. Ferree* 86 Ill. 570, 576; *Dickinson v. Conway* 12 Allen 487; *Combs v. Scott* 12 Allen 497; *Owings v. Hull* 9 Peters 629; *Nixon v. Palmer* 8 N.Y. 401; *Seymour v. Wyckoff* 10 N. Y. 224; even though an agent has authority to receive payment of an obligation, this does not authorize him to receive it before it is due; *Smith v. Kidd* 68 N.Y. 141; a promissory note can be paid before due only at the peril of the payer: 2 Pars. N. & B. 214; *Parnther v. Gaitskell* 13 East 438; payment of a bill or check before it is due will not be a discharge unless made to the real owner: *Wheeler v. Guild* 20 Pick. 552.

*James H. Pound* for appellee.

CAMPBELL, J.   Plaintiffs, who are wholesale tobacconists doing business in Toledo, sued defendant, who is a retail

dealer in Detroit, for the price of two lots of cigars, one being liquidated by note, and the other in open account. The defense was that the second lot was never purchased, and the first was paid for to an agent through whom the cigars had been ordered. Judgment was given for defendant.

So far as the second lot is concerned, the testimony does not show any ordering by defendant, and it shows that Hamilton, the agent, got them back from defendant, who had, as he claims, done no more than receive them from the express company through which they had been consigned to him, at Hamilton's request. It is difficult to see what there was to go to the jury on this item. But the court, nevertheless, left the facts to the jury, and they found in his favor, as we think they could not avoid doing.

The only question open to any controversy arose out of defendant's dealings with Hamilton, plaintiffs' agent, who became a defaulter.

The defendant was called on by Hamilton in September, 1882, and gave him an order for five or six thousand cigars, which Hamilton accordingly ordered from plaintiffs, who never had any personal dealings with defendant. Hamilton was plaintiffs' agent for making sales, and appears to have been working on commission. Defendant gave his note for the cigars received, dated October 2, 1882, for $110, payable in four months to plaintiffs' order at the Detroit Savings Bank. This note was protested, and taken up at the bank which discounted it, by plaintiffs. The consideration is not disputed, but defendant on November 13, 1882, was called on by Hamilton, and asked to advance upon it, and paid $100 at Hamilton's instance on a representation that he was collecting for the house, and needed it to make up $900 which he desired to deposit in bank. He gave a receipt in full.

Plaintiffs claimed that Hamilton had no authority to make collections for them. Defendant gave evidence of plaintiff Haughton's personal statements and admissions, which if true, made out both authority and ratification. Haughton's own

testimony showed that he made admissions which at least tended to corroborate the defense, but he sought to do away with their force by the suggestion of surprise and excitement. There are several assignments of error, but they do not present many questions.

Such as relate to plaintiff's cross-examination do not seem to us to require attention. It can hardly be claimed that cross-examination on any part of the merits involving a plaintiff's own acts and statements should be rejected on the ground that defendant should make him his own witness.

If such cases can arise, they cannot do so where the questions all relate to the single subject in controversy upon which plaintiffs had been sworn, and which however separate may have been some of its circumstances, presented but one real issue of substance. The authority of Hamilton was the substantial question, and it was proper to inquire into circumstances bearing on it.

A similar principle applies to the various items of testimony concerning Haughton's statements and dealings with other persons as recognizing Hamilton's authority. Such recognitions were evidence bearing on the fact, and the dealings with Hamilton which led to the transactions of Haughton, and which he is claimed to have ratified, are equally important. It would be difficult to prove agency if the acts of the agent accepted by the principal should be excluded.

We have found no evidence admitted as to declarations of Hamilton which did not form part of transactions which he was assuming to conduct as agent. If he had authority they were therefore admissible as res gestæ.

If the note sued on had become and remained the property of endorsees, and they had sued on it, the defense set up might have failed. But Haughton & Company could accept payment in advance, and by doing so would preclude themselves from disputing it thereafter, whatever others might do. Whether the note was transferred and bought back again, or always held at their risk, would not change their relations to the maker, from whom they accepted payment on the footing of owners.

We have referred to all that seems to us material in the allegations of error.

The judgment must be affirmed.

The other Justices concurred.