THE CHANUTE NATIONAL BANK v. E. I. CROWELL et al.

### No. 176.

CONTRACT MADE FOR THE BENEFIT OF ANOTHER—*checks drawn by one member of firm to pay firm debt, bank having agreed to pay such check, is, and drawer can sue.* Where a bank agrees with the members of a partnership engaged in buying and shipping stock that it will pay the checks given by any member of the firm for stock bought by him for the partnership, and receive the proceeds arising from the sale of such stock to reimburse it therefor, the bank cannot refuse to pay such checks, and apply the proceeds arising from the sale of such stock to the individual debt of one member of said partnership; and if the bank refuses to pay such checks, the check holders can maintain an action

upon the contract made between the bank and the members of the
partnership for the benefit of such check holders, and can compel
the bank to apply the funds to the payment of their checks.

Error from Allen District Court. Hon. L. Stillwell,
Judge. Opinion filed December 22, 1897. *Affirmed.*

This action was commenced in the District Court
of Allen County, Kansas, by Crowell, as plaintiff,
against the Chanute National Bank, E. J. Nooner and
A. P. Gibson, to recover judgment upon certain bank
checks drawn by Nooner upon the Bank and held by
Crowell.

Crowell and several others living at Humboldt,
Kan., sold stock to Nooner — a partner of Gibson in
buying stock — and received in payment the individ-
ual check of Nooner drawn upon the plaintiff in error.
The checks were cashed at the Humboldt First National
Bank, and were forwarded to the Chanute National
Bank for payment. Payment was refused and the
checks protested. The check holders paid the Hum-
boldt Bank, and the other check holders assigned their
checks to Crowell.

Nooner and Gibson, during this transaction, were
partners in buying and shipping stock, but kept their
bank accounts in their individual names ; and when
either of them bought stock he gave his individual
check upon the Chanute National Bank in payment
thereof. They would then ship the stock to market
and have the proceeds arising from the sale deposited
with the National Bank of Kansas City, Mo., to the
credit of the Chanute National Bank. After the part-
nership between Nooner and Gibson was formed, it
was understood between them and the Chanute Na-
tional Bank that the Bank would pay the checks
drawn by either member of the firm in their business,

and that the proceeds arising from the sale of stock should be remitted to the Bank to reimburse it for paying such checks ; and this was repeatedly done.

At the time the checks sued on were presented for payment and protested, the Chanute National Bank was owing to the partnership of Nooner and Gibson, on account of money received by them from the sale of the stock bought at Humboldt by Nooner, the sum of $700.22, and the Bank knew that the money belonged to Nooner and Gibson as proceeds arising from their partnership business. These facts were found by the jury upon the questions submitted to them.

The Chanute National Bank refused to pay these checks, and applied the money to the payment of an individual indebtedness owing to it by Nooner, which had been contracted prior to the partnership transactions referred to. Judgment was for Crowell. The Bank brings these proceedings.

*J. L. Denison,* for plaintiff in error.

*C. A. Cox* and *E. A. Barber,* for defendants in error.

DENNISON, P. J.   The plaintiff in error questions the right of the check holders to maintain the action against the drawee of the checks, and cites paragraphs 484, 485, 486, 487 and 488 of the General Statutes of 1889, which provide that no person shall be charged as an acceptor of a bill of exchange unless his acceptance be in writing, etc. It seems to us clear that the Bank cannot be charged as an acceptor. On the contrary it refused to accept the checks, and protested them.

If the Bank is held liable, it must be for the reason that it is in possession of a fund which in equity and good conscience it ought to apply to the payment of

the checks, and because it had agreed with Nooner and Gibson that it would pay the checks given by either of them for partnership stock. The Bank had agreed with Nooner and Gibson that it would pay the checks drawn by either member of the firm in their business, and that it should be reimbursed by the remittance of the proceeds of the sale of stock. It had received the proceeds of the sale of the stock for which the checks were given, and knew they belonged to the partnership of Nooner and Gibson.

It is contended by the defendants in error that the check holders may maintain an action against the Bank because the Bank promised Nooner and Gibson that it would pay said checks from the remittances. We are cited to the case of *Anthony v. Herman* (14 Kan. 494) and many other decisions of our Supreme Court, which hold that "a person may maintain an action upon a contract made by another for his benefit, although he was not a party to the contract."

We think this transaction fairly comes within the rule. The Chanute National Bank contracted to pay the checks which either Nooner or Gibson gave for the purchase of stock in their partnership business. The remittances from the sales of the stock were the consideration received for the promises. The contract was made for the benefit of any one who sold either Nooner or Gibson stock in their partnership business, and thereby became the holder of a check upon the Bank signed by either of them. Besides this, the Bank had the funds which it knew were funds of the partnership, and in equity and good conscience it ought to have paid the checks given for the partnership stock which was sold to procure the remittance then in their hands.

The check holders can maintain this action. We

BANK v. CROWELL.                    537

Dec. 22, 1897.        Opinion.   Dennison, P. J.          E. Div.

base our decision upon the grounds just stated. We do not decide whether a check holder can maintain an action against the drawee of an unaccepted check. The United States courts and the courts of many of the states have decided that he cannot maintain such an action. On the other hand, many of the best text writers and the courts of many of the states hold that such an action can be maintained. So far as we are able to ascertain, our Supreme Court has not passed upon this question.

Where there are so many acceptable authorities upon each side of a question of so much importance as this one, we think it better that the Supreme Court should first indicate which line of authorities it will adopt, especially as it is unnecessary for us to pass upon the question in reviewing the errors assigned in this case.

The plaintiff in error questions the sufficiency of the assignment to Crowell by the other check holders. We think the assignment is not only sufficient, but that the best interests of the plaintiff in error were served by having the matter litigated in one suit.

The judgment of the District Court is affirmed.