## The Bank of Garnett v. James H. Cramer.

### No. 291.

CONTRACT—*For Benefit of Third Party—Action.*  The facts of this case bring it within the principle of the case of *Anthony v. Herman,* 14 Kan. 494, wherein it was held that an action would lie on a promise made by the party defendant, upon a valid consideration, to a third party, for the benefit of the plaintiff, although the plaintiff was not privy to the consideration.

Error from Anderson district court ; A. W. BENSON, judge.   Opinion filed June 15, 1898.   Affirmed.

*J. G. Johnson,* for plaintiff in error.

. *Kirk & Bronston,* for defendant in error.

The opinion of the court was delivered by

MILTON, J. : In this action James H. Cramer recovered a judgment against the Bank of Garnett in the sum of $685.30, on account of the bank's failure to pay the whole amount of a check dated August 8, 1889, drawn upon it by one W. D. Enoch.   The petition alleged that on January 8, 1889, the bank undertook and agreed with Enoch, who was without capital, for the protection of persons with whom he might deal, that they would supply all the money necessary to enable him to pay for cattle and hogs which he might purchase for shipment, and would honor and pay all checks drawn by him, and all overdrafts made by him upon the bank in conducting the business of a local dealer in live stock in Anderson county, in consideration of the execution and delivery to the bank of the following bond :

"WHEREAS, It is the intention of W. D. Enoch, Kincaid, Kan., to buy and ship stock to market and dispose of the same : it is further agreed that the

Bank of Garnett, Garnett, Kan., is to furnish the money to buy and handle the stock, for which said bank is to receive the regular rate of interest paid for such loans; and we, the undersigned, to protect said bank against loss, agree to pay the Bank of Garnett, or order, on demand, the amount of overdraft of said W. D. Enoch, with interest at twelve per cent. from time of said demand; and should the account of said W. D. Enoch not be overdrawn, then this contract shall be null and void; otherwise to be in force until paid, for value received.    WM. D. ENOCH.
G. W. MARSH.
CHARLES N. JOHNSON."

It was alleged that, relying upon the aforesaid agreement and bond, concerning which the plaintiff had received information, he sold and delivered to Enoch, on August 8, 1889, a large number of cattle, of the value of $1363.85, for which Enoch gave his check drawn upon the defendant bank, the check being made payable to E. Kincaid & Co.    The check was promptly presented, and, payment being refused, was protested.    The bank afterwards paid $826 upon the check, and refused to pay the balance, claiming that Enoch's account was exhausted.

The bank's demurrer to the petition was overruled, and it thereupon filed an answer, containing a general denial only.    The evidence tended to prove the allegations of the petition.    It was not claimed that Cramer knew the exact nature of the arrangement Enoch had made with the bank, nor the precise provisions of the bond, but he understood the bank was so protected that Enoch's checks were thereby made good, and that the bank was paying all his checks.    Enoch testified that it was distinctly understood between himself and the bank that the latter was to pay all overdrafts made by him in purchasing live stock, and that this agreement was the consideration for the ex-

ecution and delivery of the bond to the bank. It appears that on August 5, 1889, one of Enoch's sureties gave the following written notice to the bank :

"As one of the sureties of Wm. D. Enoch, I hereby notify you that on and after this date I will not be responsible for any further overdrafts than the amount at this date of $591.82."

Under date of August 12, 1889, the vice-president of the Bank of Garnett wrote E. Kincaid & Co. concerning the check, stating that part of the sureties had given notice that they would not be further responsible and liable to the bank for Enoch's overdrafts, and that the bank after receiving such notice " at once stopped all cks. [checks] that were O. D. [overdrafts]." It was shown that the proceeds of sales of cattle shipped by Enoch were deposited by him in a bank in Kansas City which had been selected by the Bank of Garnett, and were there placed to the credit of the latter bank.

The foregoing facts indicate that the bank not only agreed to pay the checks drawn upon it by Enoch, but also that it would pay such checks notwithstanding his account might thereby be overdrawn. The language of the vice-president of the bank clearly bears this construction. The notice given by Marsh to the bank admits responsibility for overdrafts which at that date amounted to $591.82. If the bank had looked to the bondsmen to make good such overdrafts the plaintiff's check might have been paid in full. By applying a portion of the proceeds of the last sale of cattle made by Enoch, in which the cattle purchased from Cramer were included, the overdrafts which existed on August 5 were paid, and the plaintiff was made to suffer a loss. The course pursued by the bank relieved the bondsmen and violated the agreement under which Enoch was operating.

As we view the record, the verdict and judgment are supported by the facts and the law. We have not discovered such errors in the admission or exclusion of testimony, or in the instructions given or refused, as to require a reversal of the judgment. The instructions given were somewhat too favorable to the defendant. The trial court delivered a written opinion, wherein, after reviewing a number of decisions of our supreme court in which the question was as to the right of a person to maintain an action upon a contract made by another for his benefit, although he was not a party to the contract, the court said :

"It is urged that because the court instructed the jury that, in order to recover, the plaintiff must have cognizance of and have relied upon the agreement of the bank to honor these checks, the judgment ought to be given for the defendant. From the foregoing review of the authorities, it is clear that the plaintiff was not required to prove that he was cognizant of the agreement, if the facts were sufficient otherwise ; and the facts being settled by the general verdict and the special findings of the jury, judgment ought to be rendered in accordance with the law applied to such facts, whether properly stated to the jury or not. This would not be so if such erroneous instruction had in any way prejudiced the defendant ; but it could not. It simply laid upon the plaintiff a greater burden than was necessary, of which the defendant could not complain."

The jury specially found that the bank agreed with Enoch to pay for stock bought by him for shipment, and that it also agreed to honor all checks given for such purpose. It further found that such agreement was partly in writing and partly verbal, and that prior to selling the cattle to Enoch the plaintiff had no knowledge of such agreement further than that the bank held the bond. Counsel for plaintiff in error

insists that the finding in respect to a verbal promise by the bank is not supported by the evidence. There was positive testimony given by Enoch upon which this finding could have been based, although the force of his statement was somewhat weakened on cross-examination. The other findings do not require special notice.

We think Cramer was one of the persons for whose benefit the promise by the bank to furnish Enoch money and pay his checks was made. The bank was to receive the regular rate of interest for money furnished to Enoch to buy and handle stock, and to receive twelve per cent. interest from his bondsmen upon the amout of overdrafts from the time of demand for payment of the same. Money derived from the sale of live stock was to be deposited by Enoch in a Kansas City bank to the credit of the Bank of Garnett. There was this abundant consideration for the agreement made by the bank. In *Burton v. Larkin*, 36 Kan. 246, it is said :

"It is unquestionably true that in this state a person for whose benefit a promise to another upon a sufficient consideration is made may maintain an action upon the contract in his own name against the promisor."

In *Anthony v. Herman*, 14 Kan. 494, it was declared that an action will lie on a promise by defendant upon valid consideration to a third party for the benefit of the plaintiff, although the plaintiff was not privy to the consideration. In *Russell v. Telegraph Co.*, 57 Kan. 230, the court said : "This court has heretofore consistently maintained the right of a person for whose benefit a contract has been made by another to accept and adopt the terms of the contract and maintain an action on it in his own name." To the same effect is the

decision in the case of *Chanute Nat'l Bank v. Crowell*
6 Kan. App. 533, 51 Pac. Rep. 575. The judgment
of the district court is affirmed.

DENNISON, P. J., concurring.

SCHOONOVER, J., not sitting, having been of counsel.