## CITIZENS' BANK OF GANS et al. v. MABRAY.

No. 11017—Opinion Filed June 5, 1923.

(Syllabus.)

1. **Principal and Agent — Proof of Agency —Competency.**

The testimony of an agent is competent on the trial of a case where there is an issue of agency involved, for the purpose of establishing agency.

**2. Same — Declarations of Agent.**

While it is the general rule that the declarations of an agent made to a third person in the absence of the alleged principal are inadmissible in evidence for the purpose of establishing agency, notwithstanding the rule it has many well established exceptions, and one of the well-recognized exceptions to the rule is that when the agency is otherwise established by competent testimony, such declarations become admissible in corroboration and as part of the res gestae where made at the time of the transaction in question.

**3. Banks and Banking — Checks—Revocation.**

Checks are but inland bills of exchange and subject to all the rules applicable to instruments of that character, and impose no obligation upon the drawees until accepted; and, until presented and paid, are revocable by the drawer, who has the legal control of the money to his credit until actual acceptance or payment of the checks.

**4. Same — Promise by Drawee to Pay — Liability to Holder of Check.**

A promise by the drawee to the drawer of a check to accept and pay the same does not make the drawee liable in an action by a holder, unless such holder has taken the check with knowledge of the promise of the drawee and on the faith of such promise.

**5. Trial — Admission of Evidence — Issues — Instructions.**

It is the duty of the trial court to confine the introduction of testimony to the issues as made by the pleadings and correctly submit such issues to the jury under proper instructions, and a failure to do so constitutes reversible error.

**6. Principal and Agent—Liability of Bank for Nonpayment of Check — Instructions—Reversal.**

Record examined and held, that the trial court committed reversible error in instructing the jury, and that the cause be reversed and remanded, with directions to grant a new trial.

Error from District Court, Sequoyah County; E. B. Arnold, Judge.

Action by M. H. Mabray against the Citizens' Bank of Gans et al. to recover $600 with interest, the purchase price of 18 head of cattle alleged to have been sold by the plaintiff to the defendants. Judgment for plaintiff, and defendant Citizens' Bank of Gans appeals. Reversed and remanded, with directions.

T. M. McCombs, for plaintiff in error Citizens' Bank of Gans.

W. L. Curtis, for defendant in error.

KENNAMER, J. M. H. Mabray, plaintiff, recovered a judgment in the district court of Sequoyah county against the Citizens' Bank of Gans, Okla., defendant, for the recovery of $600. The case was tried to a jury, which resulted in a verdict in favor of the plaintiff. Motion for new trial was filed and overruled, and the Citizens' Bank of Gans prosecutes this appeal to reverse the judgment. The parties will be referred to as they appeared in the trial court.

The material facts may be summarized as follows: In May, 1919, J. D. Davis, a customer of the Citizens' Bank of Gans, was indebted to said bank, partly represented by overdraft; and was notified by E. C. Gilbert, cashier and active managing officer of the bank, to make arrangements to pay his indebtedness to the bank. Davis, who was a defendant in the action and not being present at the trial, testified, according to a stipulation as to what his evidence would be if present, that he told Gilbert he would see what he could do about his indebtedness, and they discussed the question of his buying some cattle to fill out a carload with a few he had. That Gilbert told him to go out and buy enough cattle to make a carload and he would take care of his check given in payment for the cattle. That, in pursuance of said agreement, he purchased 18 head of cattle from M. H. Mabray on the 16th day of May, 1919, for $620, on which he paid $20 on said date, and that on the 17th day of May the cattle were delivered to him and he issued to said Mabray a check for $600 on the Citizens' Bank of Gans. That he shipped the cattle to Kansas City and the entire sales price of said car of cattle was remitted to the Citizens' Bank of Gans; that he did not know what application of the remittance was made by the bank, but no part of the same had been turned over to him.

The plaintiff, Mabray, testified that he sold the cattle to Davis for $620, and to receiving the payments as stated by Davis. That when Davis bought the cattle he stated to him he owed the bank an overdraft and he was instructed by the bank to buy sufficient number of cattle to fill the car so the bank might receive the proceeds of the cattle. That Davis said he had 12 head to apply on his overdraft, and that he sold Davis the 18 head on that ground. That he delivered the check which Davis gave him to the Merchants' National Bank of Sallisaw, but the check had been lost or misplaced and was never paid.

The evidence of the other witness shows the check was sent by the Merchants' National Bank of Sallisaw to the Merchants'

National Bank of Ft. Smith, Ark., for clearance, but after said bank mailed it to the Citizens' Bank of Gans no acknowledgment of receipt of it was ever received by the Merchants' National Bnk of Ft. Smith.

In 28 days from the date of the sale of the cattle by Mabray to Davis he went to the Citizens' Bank at Gans and saw Mr. Gilbert about the check and was advised by Mr. Gilbert that Davis did not have sufficient funds on deposit to pay the debt. Davis was present and agreed to pay the debt and gave Mr. Mabray another check for the $600 with the understanding that Davis would go to Arkansas and get the money from a party to make the check good at the bank; but the same was never paid.

The evidence of Gilbert was to the effect that he had not agreed to pay the check of Davis for cattle purchased or authorized him to purchase cattle on account of the bank. That the Bank of Gans did receive the proceeds of the car of cattle shipped by Davis and had paid out all the funds which Davis had on deposit with the bank in discharging his overdraft and on his checks. That the draft in payment of the cattle was deposited to the credit of Davis. There is evidence in the record tending to show that the bank at Gans, through Gilbert, cashier, knew of the outstanding unpaid check of Mabray's about the time it received the proceeds of the sale of the car of cattle.

An examination of the petition filed by the plaintiff discloses that he predicated his rght of recovery upon the allegations in his petition to the effect that J. D. Davis purchased the cattle for himself and as agent for the defendant Citizens' Bank of Gans. All of the allegations of the petition in reference to the check having been misplaced and unpaid were to the effect and for the purpose of showing that the purchase price of the cattle was unpaid. It is clear from the allegations of the petition that the plaintiff sought to hold the defendant bank liable by reason of the relation of principal and agent existing between the bank and Davis.

The court, in submitting the issues to the jury, in instructions 1, 3, and 5, instructed the jury as follows:

"1. Gentlemen, you are instructed that the plaintiff sues the defendant for the sum of $600 alleged to be due by reason of the defendant bank having failed to pay a certain check drawn by one J. D. Davis, in favor of plaintiff upon the defendant bank, by virtue of an agreement between Davis and said bank for the purchase of certain cattle to be shipped by the said Davis and the proceeds derived from said sale to be credited to the account of the said defendant bank. The defendants deny each and every allegation of said petition."

"3. You are instructed that if you find from a preponderance of the evidence that J D. Davis was indebted to the defendant bank, and that the said Davis, and the defendant bank, through its officers and agents, authorized the said Davis to go out and buy sufficient cattle to finish out a carload and agreed to pay the checks issued by the said Davis to parties in payment of said cattle, and that in pursuance of said arrangement and agreement the said Davis bought from the plaintiff the cattle set forth in said petition and drew check upon the defendant bank in the sum of $600 and that said cattle were shipped and the defendant bank received the proceeds from said cattle and applied the proceeds from said sale upon other indebtedness which the said Davis owed said bank at that time, knew the check to the plaintiff for said cattle was outstanding and unpaid, your verdict should be for the plaintiff for the amount of said check."

"5. You are instructed that as a matter of law there is no liability upon the part of the bank to pay checks, drawn upon it, unless there is a special agreement upon said bank to so honor and pay said checks, and unless you find from the evidence that the facts as defined in instruction number 3 your verdict should be for the defendants."

Counsel for the defendant bank requested the court to instruct the jury that the plaintiff could not recover until he had established the fact that Davis in purchasing the cattle was acting as the agent of the bank, which instruction was refused and exceptions allowed.

The plaintiff in error has presented numerous assignments of error for reversal of the judgment. The first proposition argued by counsel for the defendant bank for reversal is that the trial court committed reversible error in admitting the testimony of the plaintiff, Mabray, as to what Davis told him on the date he purchased the cattle, as it is a well-settled rule of law that the declarations of an agent are never admissible in evidence for the purpose of establishing agency. There is no merit in this contention of counsel for the defendant, in view of the record of the testimony in this case. The plaintiff first introduced the testimony of Davis, and by his testimony showed the relation existing between the bank and him. It is competent to introduce the agent as a witness on the trial of the case for the pur-

pose of establishing agency. 2 C. J. sec. 689, p. 933; Whitcomb v. Oller et al., 41 Okla. 331, 137 Pac. 709. While it is the general rule that the declarations of an agent made to a third person in the absence of the alleged principal are inadmissible in evidence for the purpose of establishing agency, notwithstanding the rule it has many well-established exceptions, and one of the well-recognized exceptions to the rule is that when the agency is otherwise established by competent testimony, such declarations become admissible in corroboration and as part of the res gestae where made at the time of the transaction in question. 2 C. J. sec. 695, p. 939. Houghton et al. v. Maurer, 55 Mich. 323, 21 N. W. 426

We are unable to say from the testimony of the witness Davis, even if the same is true, whether the bank constituted him its agent for the purpose of buying cattle for the bank, or merely agreed to extend him credit in purchasing cattle. The correct inference to be drawn from the testimony is one for the jury under proper instructions.

The next proposition argued by counsel for the defendant is alleged error of the court in admitting the testimony of the employes of the banks through which the alleged check given by Davis to the plaintiff was deposited for clearance. We deem it sufficient to say that, in view of the only issue raised by the pleadings—that of agency—and for the further reason that the plaintiff had not pleaded a cause of action for the bank wrongfully refusing to pay a check, the evidence was not material. This court, in the case of First National Bank of Durant v. School District No. 4, Bryan County, 31 Okla. 139, 120 Pac. 614, held:

"Checks are but inland bills of exchange and subject to all the rules applicable to instruments of that character, and imposes no obligation upon the drawees until accepted; and, until presented and paid, are revocable by the drawer, who has the legal control of the money to his credit until actual acceptance or payment of the checks.

"A draft drawn in the ordinary form does not constitute an equitable assignment pro tanto of funds in the hands of the drawee to the credit of the drawer before such draft has been accepted or presented for payment."

The Supreme Court of the United States, in the case of First National Bank of The Republic v. Millard, 77 U. S. 152, 19 L. Ed. 897, held:

"The holder of a bank check cannot sue the bank for refusing payment unless it was accepted by the bank or charged against the drawer."

So it is clear from an examination of the record in this case that the plaintiff had not pleaded any cause of action by reason of the bank wrongfully refusing to pay a check, and it appears that this court is committed to the rule that a check holder cannot maintain an action against the bank on an unaccepted check. Therefore, the evidence and the instructions of the court should have been confined to the issue made by the pleadings, to wit: That Davis in purchasing the cattle was the agent of the bank.

The rule applicable to the facts, as testified to by the witness Davis, to the effect that the bank agreed to pay his checks as affecting third parties receiving such checks, is correctly stated in the case of Nelson v. National Bank of Chicago, 48 Ill. 36, as follows:

"Promise by bank to pay check drawn by person for purchase of cargo of corn communicated to the seller by the purchaser and by the bank, and relied upon by the seller in taking the purchaser's check, sufficiently identifies the check, and will support an action for the breach of a promise to accept.

"Bank is not liable on promise to pay check, unless the promise comes to the knowledge of the payee, and he takes the check upon the faith thereof."

This rule is not in conflict with the rule that the holder of a check cannot maintain an action against the drawee on the check until it has been accepted, for the liability is not predicated upon the unaccepted check, but upon the breach of the contract to accept and pay the debt; and such a promise is an original promise, and not a promise to answer for the debt of another. See Chanute National Bank v. Crowell et al. (Kan.) 51 Pac. 575.

In the case of Carr v. National Security Bank, 107 Mass. 45, 9 Am. Rep. 6, in the opinion by Mr. Justice Gray, the court held:

"A promise by the drawee to the drawer of a check, draft, or bill of exchange to accept and pay the same does not make the drawee liable to an action by a holder, unless the latter has taken the check, draft, or bill of exchange on the faith of such promise."

See Steman, Baker & Co., v. Harrison and Hooper, 42 Pa. St. 49, 82 Am. Dec. 491.

In the case at bar, had the plaintiff's petition alleged that the check given by Davis was accepted by Mabray with knowledge of the agreement of the bank with Davis (if,

in fact, such an agreement existed) to accept and pay his checks given in payment of the purchase price of cattle, and relying upon the agreement of the bank he accepted the check, then the testimony of the witness tending to establish the fact that the defendant bank had wrongfully refused to pay the check would have been material, and such an issue should have been submitted to the jury under proper instructions.

It is obvious from an examination of the record that instructions 3 and 5 of the court, in attempting to submit to the jury the issue as to the liability of the bank on its failure to pay the check given by Davis to the plaintiff, were fundamentally erroneous and constitute reversible error. See First Nat. Bank v. Cox, 83 Okla. 1, 200 Pac. 238.

We are of the opinion that the instructions as given by the court failed to clearly define the issue raised by the pleadings. The jury should have been instructed that the only issue for it to determine was whether or not Davis, in purchasing the cattle, was acting as the agent of the bank. That is, whether or not the bank was, in fact, buying the cattle on its own account through Davis as its agent. Instruction No. 3, requested by the defendant, fairly stated the law applicable to the case and should have been given, as instructions given by the court on its own motion failed to clearly define the issue.

It is our conclusion that the only issue made by the plaintiff's petition and the answer of the defendant bank was whether or not Davis acted as agent of the bank in purchasing the cattle. In view of this conclusion, it necessarily follows that the judgment of the trial court must be reversed, and the cause remanded to the district court of Sequoyah county, with directions to grant the defendant a new trial and proceed with the cause consistently with the views herein expressed.

JOHNSON, C. J., and KANE, NICHOLSON, COCHRAN, HARRISON, and MASON, JJ., concur.