EVERETT et al. v. FIRST NAT. BANK of GEARY.

No. 29680.    Jan. 28, 1941.

*109 P. 2d 824.*

Darnell & Gibson, of Clinton, for plaintiffs in error.

Embry, Johnson, Crowe & Tolbert, of Oklahoma City, and E. Blumhagen, of Watonga, for defendant in error.

BAYLESS, J.   G. C. Everett and wife, Fern, and P. E. Everett, defendants below, appeal from a judgment of the district court of Blaine county in favor of the First National Bank of Geary, Okla.

Plaintiff sued to recover $1,440, due on a promissory note, and to foreclose a real estate and a chattel mortgage given to secure payment of the note. In the amended answer the execution and delivery of the note were admitted; but payment thereof, by the execution and delivery of a subsequent note, was pleaded. In the cross-petition the defendants pleaded that the first note given (the one sued on by plaintiff) did not represent a debt owing at that date, but was executed and delivered under an oral agreement to secure the bank against loss if it should, according to the agreement, honor and pay checks, etc., drawn by defendants in excess of the deposit account of defendant with said bank. They further allege that by virtue of the July note, and the subsequent October note given to replace it, secured by the mortgages, the defendants had a credit with the bank in excess of any and all checks, etc., drawn at any one time, but the bank never-

theless wrongfully dishonored defendants' checks, and caused them specified damages which they sought to recover.

At the close of the defendants' evidence the plaintiff moved to strike the evidence of the defendants respecting the execution of the note in October, 1936, because it was outside the issues made by the pleadings. This motion was denied. The plaintiff then demurred to the evidence of the defendants offered in support of their cross-petition for damages. This demurrer was sustained. Thereupon, the plaintiff demurred to the defendants' evidence offered in support of the answer. This demurrer was overruled. The trial judge stated the only issue left to be submitted to the jury was whether the note sued on, dated in July, was paid by the note the defendants testified they executed sometime in October, 1936.

In the first assignment of error the defendants complain of the acts of the trial judge in sustaining the plaintiff's demurrer to their evidence on the issue of damages occasioned by the acts of the bank in wrongfully dishonoring the defendants' checks. The defendants assert the trial court so ruled because they had not pleaded or proved special damages and no issue existed to be submitted to the jury. There is nothing in the record to indicate that the trial judge sustained the demurrer upon any particular ground, but everything indicates the demurrer was general and sustained on that theory. We find no fault with the law stated in the excerpts of the various decisions cited by defendants, but we do not think they are applicable to the record before us and the ruling complained of.

As stated above, the defendants pleaded they executed and delivered the note on July 29, 1936, to secure the credit arrangement whereby their checks would be honored within its limits irrespective of the state of their checking account, and pleaded that they executed a note in October to pay and replace this note. However, as soon as the defendants active in the conduct of the business took the stand as witnesses, they repudiated the pleading. They testified that the note for $1,500, and the mortgages given in July, were given for an entirely different purpose, that the purpose was fully accomplished early in August, 1936, and thereby that note was paid and no longer served any purpose in the hands of the bank and should have been redelivered to them. They further testified that in October, 1936, when their business began to be imperiled for the lack of sufficient cash, they made an agreement with the bank whereby they gave a $1,500 note and a chattel mortgage upon the same personal property described in plaintiff's petition to secure the bank against loss if the bank would honor the defendants' checks in excess of its checking account. It seems to us this presented a complete variance between their pleading and their evidence.

The plaintiff thereupon introduced rebuttal evidence confined solely to the issue of whether a note and chattel mortgage were executed and delivered by the defendants to the plaintiff in October, 1936. It is sufficient to say that the plaintiff's evidence in chief and on rebuttal denied this fact.

It was the defendants' theory according to their pleading that they had established credit with the bank by virtue of the note and mortgages of July, 1936, but, as pointed out, their evidence did not support this position. The evidence they introduced tended to establish a credit with the bank by virtue of the note and chattel mortgage they said they gave in October, 1936. The ruling of the trial judge on the issues is somewhat confused. He permitted defendants' evidence to remain in the record by refusing to strike it, although it had the effect of changing the defendants' theory of defense in the answer by eliminating the issue of payment of the note as alleged in the answer, and had the further effect of making an issue of fact whether the note of October, 1936, established a credit with the bank so

that they were entitled to have their excess checks, etc., honored, and whether damage resulted to them because of the bank's failure to honor their checks. Yet the trial judge submitted to the jury the issue of fact whether a note was executed in October, 1936, for the purpose of paying the note made in July, 1936,—a thing not then claimed by the defendants' evidence. The trial judge did not submit an instruction as to whether the note was executed in October, 1936, for the purpose of establishing credit—the purpose the defendants then claimed by their evidence. The defendants objected to the instructions given without stating any specific reason therefor in the record. They did not offer instructions of their own embodying the issues as they then deemed them to be. They assign in their brief the alleged error of the court in giving the instructions excepted to, but in the body of the brief they virtually abandon them by saying that what is said elsewhere in their brief on the other assignments covers that error. We do not agree with them. No other discussion thereon is made.

With respect to the issue of damages, the evidence of the defendants is insufficient and the demurrer thereto was properly sustained. Much of the evidence tendered by them was objected to by the plaintiff and rejected by the trial judge. The evidence offered and admitted was general and too vague. We recognize that the nature of the charge made against plaintiff and the relief sought requires the application of the general rules of practice and procedure in a manner consonant with the particular acts charged and the reasonable results that presumptively flow therefrom. 7 Am. Jur. 392, §§ 542 and 543; and 9 C.J.S. 777, § 363, and cases cited under note 30.

While some presumptions of nominal damages, or even substantial damages, are indulged from proof of the wrongful dishonor of a check of a trader, we think that when it is contended that an entire business was undermined and destroyed, some showing thereof ought to be made. Pascagoula Nat. Bank v. Eberlein (Miss.) 131 So. 812; Keller v. Commercial Credit Co., 149 Ore. 372, 40 P. 2d 1018, 96 A.L.R. 1235, and cases cited therein.

Since the execution of the note in October, 1936, was a disputed issue of fact, irrespective of the purpose for which it was executed, the jury's verdict in favor of the plaintiff had the effect of saying that no note was executed in October, 1936. The trial judge submitted instructions to the jury that would have permitted the jury to find that the defendants executed the note and chattel mortgage in October, 1936, and to find that the plaintiff was not entitled to recover upon the note and mortgages sued upon. The jury did not so find. As pointed out, the instructions may not have presented the issues in the precise state they occupied at the close of the evidence, after the motions and demurrers had been acted upon, but, as we point out, the assignments of error and propositions argued in the defendants' brief do not argue this particular point.

In the third and fourth assignments of error the defendants complain of the acts of the trial court in admitting in evidence a note for $400, and in permitting the plaintiff to take judgment thereon. Defendants admitted that they executed and delivered the note and that it was due and unpaid. The only difference between them and plaintiff respecting this note is this: Plaintiff insisted it was to be included in the indebtedness within the purview of the note given in July, whereas defendants insist it was to have been covered by the note given in October. Defendants' admission that they owed the note makes the nature of its origin immaterial to the validity of the judgment including the debt represented by the note.

It is significant that defendants did not deny they were indebted on this note and $915, in drafts, checks, etc., but assert they were entitled to dam-

ages in a sum sufficient to offset and exceed this. We have approved the ruling of the trial court to the effect that their evidence was not sufficient to show the damages sought, and there is nothing to offset the admitted debt owing by defendants to the plaintiff.

Defendants argue that the trial judge should have confined the introduction of testimony to the issues presented by the pleadings. Citizens Bank v. Mabray, 90 Okla. 63, 215 P. 1067. We think plaintiff's evidence in chief was well within the issues tendered by it, and it was defendants who first went outside the issues of the pleadings. If the trial judge had been at all careful to do this, all of defendants' testimony respecting the October note and mortgage would not be in the record. As pointed out, they repudiated their pleadings at the outset of the introduction of their evidence, and never returned to them thereafter. Defendants will not now be permitted to take advantage of an alleged error that they themselves instigated.

We are satisfied there is evidence to support the jury's verdict, and that no error was committed when the demurrer to defendants' evidence on cross-petition was sustained.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and HURST and DAVISON, JJ., concur.